**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Senon Martinez Montoya, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                           *Plaintiff,*

          - against -

Havana Central NY 2, LLC, The Merrin Group, LLC, Jeremy Merrin, Samuel Merrin, Seth Merrin, and Esther Bronstein,

                        *Defendants.*
-------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

<u>**COMPLAINT**</u>

       Plaintiff Senon Martinez Montoya ("Plaintiff" or "Montoya"), on behalf of himself and others similarly situated, by and through his attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to himself and upon information and belief as to others, brings this complaint against Defendant Havana Central NY 2, LLC, The Merrin Group, LLC (together, the "Corporate Defendants"), Jeremy Merrin, Samuel Merrin, Seth Merrin, and Esther Bronstein (collectively, the "Individual Defendants", and collectively with the Corporate Defendants, the "Defendants") and states as follows:

## NATURE OF THE ACTION

       1.    Plaintiff brings this lawsuit seeking recovery, for himself and all other similarly situated individuals, against Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and violations of Articles 6 and 19 of the New York State Labor Law ("NYLL") and their supporting New York State Department of Labor regulations.

       2.    Plaintiff seeks injunctive and declaratory relief and to recover unpaid overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and

costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention Act ("WTPA").

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

4.     The Court has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

5.     This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF SENON MARTINEZ MONTOYA**

7.     Plaintiff Montoya was employed as a prep cook at Defendants' restaurant, known as "Havana Central", located at 151 West 46th St., New York, NY 10036.

8.     Plaintiff Montoya was employed as a non-managerial employee at "Havana Central" from on or around December 2006 through and including March 15, 2020.

9.     At all relevant times, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

10.     At all relevant times, Plaintiff has been a manual worker within the meaning of NYLL § 191(1)(a).

**DEFENDANT HAVANA CENTRAL NY 2, LLC**

11.     Upon information and belief, Defendant Havana Central NY 2, LLC is a foreign

limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains its principal place of business at 151 West 46th St., New York, NY 10036, and an alternate address at 151 West 46th St., Suite 902, New York, NY 10036.

12.     At all times relevant to this Complaint, Defendant Havana Central NY 2, LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

13.     At all times relevant to this Complaint, Defendant Havana Central NY 2, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

14.     At all times relevant to this Complaint, Defendant Havana Central NY 2, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

15.     Defendant Havana Central NY 2, LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

16.     Defendant Havana Central NY 2, LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT THE MERRIN GROUP, LLC**

17.     Upon information and belief, Defendant The Merrin Group, LLC is a foreign

corporation organized and existing under the laws of the State of Delaware. Upon information and belief, it maintains its principal place of business at 151 West 46th St., New York, NY 10036, and an alternate address at 151 West 46th St., Suite 902, New York, NY 10036.

18.     At all times relevant to this Complaint, Defendant The Merrin Group, LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

19.     At all times relevant to this Complaint, Defendant The Merrin Group, LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiff.

20.     At all times relevant to this Complaint, Defendant The Merrin Group, LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

21.     Defendant The Merrin Group, LLC possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

22.     Defendant The Merrin Group, LLC had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**DEFENDANT JEREMY MERRIN**

23.     Defendant Jeremy Merrin is an individual engaging (or who was engaged) in

business within this judicial district during the relevant time period.

24.     Defendant Jeremy Merrin is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

25.     Defendant Jeremy Merrin possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

26.     Defendant Jeremy Merrin determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

27.     At all times relevant to this Complaint, Defendant Jeremy Merrin was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT SAMUEL MERRIN**

28.     Defendant Samuel Merrin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

29.     Defendant Samuel Merrin is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

30.     Defendant Samuel Merrin possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

31.     Defendant Samuel Merrin determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

32.     At all times relevant to this Complaint, Defendant Samuel Merrin was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and

employed employees, including Plaintiff.

**DEFENDANT SETH MERRIN**

33.     Defendant Seth Merrin is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

34.     Defendant Seth Merrin is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

35.     Defendant Seth Merrin possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

36.     Defendant Seth Merrin determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

37.     At all times relevant to this Complaint, Defendant Seth Merrin was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANT ESTHER BRONSTEIN**

38.     Defendant Esther Bronstein is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

39.     Defendant Esther Bronstein is sued individually and in her capacity as an owner, officer and/or agent of the Corporate Defendants.

40.     Defendant Esther Bronstein possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

41.     Defendant Esther Bronstein determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee

records, and had the authority to hire and fire employees.

42.   At all times relevant to this Complaint, Defendant Esther Bronstein was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiff.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

43.   Defendants own, operate and/or control a restaurant, known as "Havana Central", located at 151 West 46th St., New York, NY 10036.

44.   The Individual Defendants possess operational control over the Corporate Defendants, possess an ownership interest in the Corporate Defendants, and control significant functions of the Corporate Defendants.

45.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

46.   Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

47.   Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

48.   In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

49.    Upon information and belief, the Individual Defendants operate the Corporate

Defendants as either an alter ego of themselves, and/or fail to operate the Corporate Defendants as entities legally separate and apart from themselves, by, among other things:

a.    failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

b.    defectively forming or maintaining the Corporate Defendants, by among other things, failing to hold annual meetings or maintaining appropriate corporate records;

c.    transferring assets and debts freely as between all Defendants;

d.    operating the Corporate Defendants for their own benefit as the majority shareholders;

e.    operating the Corporate Defendants for their own benefit and maintaining control over it as closed corporations or closely controlled entities;

f.    intermingling assets and debts of their own with the Corporate Defendants;

g.    diminishing and/or transferring assets of the Corporate Defendants to protect their own interests; and

h.    other actions evincing a failure to adhere to the corporate form.

50.    At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

51.    Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

**FACTUAL ALLEGATIONS**

52.    Plaintiff and other similarly situated individuals are individuals who have worked

for Defendants in similarly-titled, hourly paid position, during the statutory period.

53.    Plaintiff and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

54.    Plaintiff was an employee of Defendants.

55.    Plaintiff was employed as a prep cook at Defendants' restaurant, known as "Havana Central", located at 151 West 46th St., New York, NY 10036.

56.    From approximately December 2016 to, through and including December 2017, Plaintiff worked five (5) days per week, as follows: from approximately 6:00 a.m. to 5:00 p.m. or 6:00 p.m. (*i.e.,* eleven (11) or twelve (12) hours per day) for a total average of approximately 55 to 60 hours during each of the weeks, respectively.

57.    From approximately January 2018 to, through and including March 15, 2020, Plaintiff worked five (5) days per week, as follows: from approximately 6:00 a.m. to 4:00 p.m. or 5:00 p.m. (*i.e.,* ten (10) or eleven (11) hours per day) for a total average of approximately 50 to 55 hours during each of the weeks, respectively.

58.    From approximately December 2016 to, through and including March 15, 2020, Plaintiff was paid a flat weekly salary of $620 per week, regardless of the amount of hours he worked.

59.    Plaintiff was required to work in excess of forty (40) hours per week, but never received an overtime premium of one and one-half times his regular rate of pay for those hours.

60.    Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

61.    Defendants did not provide Plaintiff a statement of wages, as required by NYLL 195(3).

62.     Defendants did not give any notice to Plaintiff, in English, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

63.     Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiff his statutory right to receive true and accurate information about the nature of his employment and related compensation policies.

64.     Moreover, the breach of the obligations injured Plaintiff by denying him the right to know the conditions of his compensation and resulted in the underpayment of wages averred above.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

65.     Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to prep cooks) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

66.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules by failing to pay overtime. These claims of the Plaintiff are essentially the same as those of the FLSA Collective Plaintiffs.

67.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

68.     Plaintiff reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
### (FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)

69.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

70.     At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

71.     Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

72.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

73.     Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

74.     Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

75.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

76.     Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

77.     Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

78.     Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

79.     Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

80.     Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(NYLL WTPA– Failure to Provide Wage Notices)**

81.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

82.     The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

83.     In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address

of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

84.    Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

85.    Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

86.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

87.    As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a.    authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been

filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b.      certification of this case as a collective action pursuant to the FLSA;

c.      issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the FLSA Collective Plaintiffs;

d.      declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e.      declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

f.      awarding Plaintiff unpaid overtime wages;

g.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due;

h.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

i.      awarding Plaintiff pre- and post-judgment interest under the NYLL;

j.      awarding Plaintiff reasonable attorneys' fees and the costs and disbursements of this action; and

k.      Such other relief as this Court deems just and proper.

Dated: New York, New York
       January 6, 2023                          Respectfully submitted,

                                                By:  /s/ Jason Mizrahi
                                                     Jason Mizrahi
                                                     Joshua Levin-Epstein
                                                     Levin-Epstein & Associates, P.C.
                                                     60 East 42nd Street, Suite 4700
                                                     New York, New York 10165
                                                     Tel: (212) 792-0048
                                                     Email: Jason@levinepstein.com
                                                     *Attorneys for the Plaintiff and proposed FLSA*
                                                     *Collection Action Plaintiff*