**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SENON MARTINEZ MONTOYA, *on behalf of himself and other similarly situated in the proposed FLSA Collective Action*,

                    Plaintiff,

              - against -

HAVANA CENTRAL NY 2, LLC, THE MERRIN GROUP, LLC, JEREMY MERRIN, SAMUEL MERRIN, SETH MERRIN, AND ESTER BRONSTEIN,

                    Defendants.

Case No. 1:23-cv-00111 (JLR)

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Nicole E. Price, Esq.

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 3

    A.    The Parties ................................................................................................ 3

    B.    Plaintiff's Allegations in the Complaint ................................................................ 3

LEGAL ARGUMENT .......................................................................................................... 4

I.    LEGAL STANDARD FOR A MOTION TO DISMISS ................................................... 4

II.    PLAINTIFF'S FLSA CLAIMS ARE TIME BARRED ................................................... 5

    A.    Applicable Law ................................................................................................ 5

    B.    Plaintiff Has Not Adequately Pled that Defendants Willfully Violated the FLSA to Avail Himself of the Statute's Three-Year Statute of Limitations .......... 7

III.    PLAINTIFF'S CLAIMS OF ALLEGED VIOLATIONS OF NYLL SECTION 195 SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING ................... 9

    A.    The Legal Standard For Article III Standing .......................................................... 9

    B.    Plaintiff Lacks Standing to Pursue Claims Under NYLL Section 195 ................. 11

IV.    PLAINTIFF'S WAGE NOTICE CLAIM FAILS AS A MATTER OF LAW ................ 13

    A.    Plaintiff Was Hired Before NYLL Wage Notice Requirement Was Enacted ................................................................................................ 14

    B.    There Is No Private Right of Action For Subsequent Section 195(1) Claims ................................................................................................ 15

V.    PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY WERE NOT PLAINTIFF'S EMPLOYER ................................................................................................ 16

VI.    PLAINTIFF'S CLAIMS AGAINST MERRIN GROUP MUST BE DISMISSED BECAUSE MERRIN GROUP WAS NOT PLAINTIFF'S EMPLOYER ...................... 18

    A.    Merrin Group and Havana Central Are Not Joint Employers ............................. 18

    B.    Merrin Group and Havana Central Are Not a Single Integrated Enterprise ......... 20

CONCLUSION.................................................................................................................. 22

142937032.6

**TABLE OF AUTHORITIES**

**Cases**                                                                          **Page(s)**

*Agureyev v. H.K. Second Ave. Rest. Inc.*,
    No. 17-cv-7336, 2018 WL 4356731 (S.D.N.Y. Sept. 12, 2018) ...........................................5, 8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... *passim*

*Barfield v. N.Y.C. Health & Hosps. Corp.*,
    537 F.3d 132 (2d Cir. 2008) ....................................................................................................16

*Beh v. Cmty. Care Companions Inc.*,
    No. 19-cv-01417, 2022 WL 5039391 (W.D.N.Y. Sept. 29, 2022) ....................................12, 13

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................................4, 5, 6, 8

*Canelas v. A'Mangiare, Inc.*,
    No. 13-cv-3630, 2015 WL 2330476 (S.D.N.Y. May 14, 2015) ............................................14

*Carter v. Dutchess Cmty. College*,
    735 F.2d 8 (2d Cir. 1984) ....................................................................................2, 16, 17, 19

*Chen v. Lilis 200 W. 57th Corp.*,
    No. 19-cv-7654, 2020 WL 7774345 (S.D.N.Y. Dec. 30, 2020) .................................19, 20, 21

*Chen v. St. Beat Sportswear, Inc.*,
    364 F. Supp. 2d 269 (E.D.N.Y. 2005) ....................................................................................19

*Daimler Chrysler Corp. v. Cuno*,
    547 U.S. 332 (2006) ................................................................................................................9

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) ....................................................................................................3

*Ding v. The Mask Pot*,
    No. 20-cv-06076, 2022 WL 4647847 (E.D.N.Y. Oct. 1, 2022) ............................................21

*Francisco v. NY Tex Care, Inc.*,
    No. 19-cv-1649, 2022 WL 900603 (E.D.N.Y. Mar. 28, 2022)..........................................12, 13

*Harris v. City of N.Y.*,
    186 F.3d 243 (2d Cir. 1999)......................................................................................................6

*Harty v. W. Point Realty, Inc.*,
    28 F.4th 435 (2d Cir. 2022) .....................................................................................................11

*Heredia v. Americare, Inc.*,
    No. 17-cv-06219, 2020 WL 3961618 (S.D.N.Y. July 13, 2020)............................................15

*Hernandez v. NHR Human Res., LLC*,
    No. 20-cv-3109, 2021 WL 2535534 (S.D.N.Y. June 18, 2021) ...............................................8

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984)..................................................................................................................4

*Huer Huang v. Shanghai City Corp.*,
    459 F. Supp. 3d 580 (S.D.N.Y. 2020).....................................................................................17

*Inclan v. N.Y. Hospitality Grp., Inc.*,
    No. 12-cv-4498, 2015 WL 1399599 (S.D.N.Y. Mar. 26, 2015).............................................14

*Irizarry v. Catsimatidis*,
    722 F.3d 99 (2d Cir. 2013).................................................................................................17, 18

*Juarez v. 449 Rest., Inc.*,
    29 F. Supp. 3d 363 (S.D.N.Y. 2014).......................................................................................21

*Lin v. Comprehensive Health Mgmt.*,
    No. 08-cv-5619, 2009 WL 976835 (S.D.N.Y. Apr. 9, 2009) ...........................................16, 18

*Lujan v. Defs. Of Wildlife*,
    504 U.S. 555 (1992)...........................................................................................................9, 10

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
    19 F.4th 58 (2d Cir. 2021) ...............................................................................................10, 11

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)....................................................................................................10

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988)..................................................................................................................6

*Metcalf v. TransPerfect Translations Int'l, Inc.*,
    No. 19-cv-10104, 2022 WL 4661926 (S.D.N.Y. Sept. 30, 2022) ....................................10, 12

*Qiang Weng v. HungryPanda U.S., Inc.*,
    No. 19-cv-11882, 2022 WL 292799 (S.D.N.Y. Jan. 31, 2022) ..............................................17

*Reich v. Waldbaum, Inc.*,
    52 F.3d 35 (2d Cir. 1995) .........................................................................................................6

*Romero v. Manhattan & Bronx Surface Trans. Operating Auth.*,
    2022 WL 624451 (S.D.N.Y. 2022)...........................................................................................7

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007)............................................................................................4

*Sanchez v. Ms. Wine Shop Inc.*,
    No. 22-cv-2178, 2022 WL 17368867 (E.D.N.Y. Nov. 30, 2022) ...........................................11

*In re Scholastic Corp. Sec. Litig.*,
    252 F.3d 63 (2d Cir. 2001).............................................................................................4

*Sevilla v. House of Salads One LLC*,
    No. 20-cv-6072, 2022 WL 954740 (E.D.N.Y. Mar. 30, 2022)................................................12

*Shi v. TL & CG Inc.*,
    No. 19-cv-08502, 2022 WL 2669156 (S.D.N.Y. July 11, 2022).............................................13

*Staehr v. Hartford Fin. Servs. Grp.*,
    547 F.3d 406 (2d Cir. 2008)............................................................................................5

*Strubel v. Comenity Bank*,
    842 F.3d 181 (2d Cir. 2016)..........................................................................................10

*Sudilovskiy v. City WAV Corp.*,
    No. 22-cv-469, 2022 WL 4586307 (E.D.N.Y. Sept. 29, 2022) .......................................12, 13

*TransUnion LLC v. Ramirez*,
    141 S. Ct. 2190 (2021)...........................................................................................10, 11

*Vast v. Credico (USA) LLC*,
    No. 15-cv-9298, 2016 WL 4147241 (S.D.N.Y. Aug. 3, 2016)..............................................17

*Veracka v. MLD Mortgage, Inc.*,
    No. 16-cv-7152, 2021 WL 2662007 (E.D.N.Y. April 1, 2021).............................................15

*Wang v. XBB, Inc.*,
    No. 18-cv-7341, 2022 WL 912592 (E.D.N.Y. Mar. 29, 2022)..............................................12

*Whiteside v. Hover-Davis*,
    995 F.3d 315 (2d Cir. 2021).........................................................................................6, 7

*Young v. Cooper Cameron Corp.*,
    586 F.3d 201 (2d Cir. 2009).........................................................................................6, 8

*Yuan v. AA Forest, Inc.*,
    No. 20-cv-5484, 2022 WL 900614 (E.D.N.Y. Mar. 28, 2022).......................................19, 20

*Yuquilema v. Manhattan's Hero Corp.*,
    No. 13-cv-461, 2014 WL 4207106 (S.D.N.Y. Aug. 20, 2014).......................................14, 15

142937032.6

*Zheng v. Liberty Apparel Co., Inc.*,
  355 F.3d 61 (2d Cir. 2003)................................................................................19

*Zuniga v. Newmark Wood Working Grp. Inc.*,
  No. 20-cv-2464, 2022 WL 3446331 (E.D.N.Y. Aug. 17, 2022) ............................................12

**Statutes**

29 U.S.C. § 203(d) .........................................................................................16

29 U.S.C. § 255(a) ..........................................................................................6

N.Y. Lab. L. § 195(1) ................................................................ *passim*

N.Y. Lab. L. § 195(3) ................................................................ *passim*

N.Y. Lab. L. § 198(1-b) ..................................................................................15

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ......................................................................................5

Fed. R. Civ. P. 8(c)(1) ......................................................................................5

Fed. R. Civ. P. 12(b)(1)......................................................................................1

Fed. R. Civ. P. 12(b)(6)...............................................................................1, 4, 6

Fed. R. Civ. P. 12(h)(3).................................................................................1, 9

142937032.6

## PRELIMINARY STATEMENT

Defendants Havana Central NY 2, LLC, ("Havana Central"), The Merrin Group, LLC, ("Merrin Group"), Jeremy Merrin, Samuel Merrin, Seth Merrin, and Esther Bronstein (collectively, "Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff Senon Martinez Montoya's ("Plaintiff") Complaint pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3) of the Federal Rules of Civil Procedure.

In his Complaint, Plaintiff alleges that Defendants failed to pay him minimum wages and overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), failed to issue him required wage notices in violation of the NYLL, and failed to provide him with proper wage statements in violation of the NYLL. As set forth below, Plaintiff's Complaint is fatally flawed and should be dismissed.

First, the Complaint should be dismissed because Plaintiff's claims under the FLSA are time-barred by the statute's two-year statute of limitations. Without providing any factual support whatsoever, Plaintiff attempts to avail himself of the FLSA's longer three-year statute of limitations, but he merely pleads facts that are consistent with Defendants' liability, *i.e.,* that Defendants must have acted "willfully" because allegedly Plaintiff was not compensated appropriately. Such pleadings fall woefully short of the pleading threshold necessary to avail Plaintiff of the FLSA's three-year statute of limitations. As Plaintiff did not file his Complaint until approximately ten months after the expiration of his FLSA claims, Plaintiff's FLSA claims are time-barred. Further, as Plaintiff's FLSA claims are the only basis for original jurisdiction of this action in this Court, the entire Complaint should be dismissed.

Second, Plaintiff's NYLL claims alleging that Defendants failed to provide Plaintiff with wage notices and wage statements should be dismissed because Plaintiff lacks standing to recover

on such claims.  Plaintiff has not alleged any tangible, concrete injury connected to the allegedly improper information contained in those documents.

Third, Plaintiff's wage notice claims should be dismissed for two additional reasons.  New York law does not provide a cause of action for an individual who did not receive a wage notice whenever there was a change in the rate of pay; a cause of action only exists for failing to give a wage notice at the time of hire.  This leads to the second reason Plaintiff's wage notice claim should be dismissed.  The Complaint alleged that Havana Central hired Plaintiff in 2006, well before the wage notice requirement was enacted.  Accordingly, Plaintiff's wage notice claims should be dismissed.

Finally, Plaintiff's claims against Jeremy Merrin, Samuel Merrin, Seth Merrin, and Esther Bronstein (collectively, the "Individual Defendants") and the Merrin Group should be dismissed. The Complaint fails to set forth facts necessary to articulate plausibly that the Individual Defendants or the Merrin Group are Plaintiff's employer under the FLSA or the NYLL.[1]  In fact, with respect to the Individual Defendants, the Amended Complaint fails to allege specific facts addressing any of the *Carter v. Dutchess Community College*, 735 F.2d 8 (2d Cir. 1984), factors concerning their individual liability under the FLSA and NYLL, other than in a wholly insufficient and conclusory manner.  This is insufficient under Second Circuit precedent to establish that the Individual Defendants were Plaintiff's employer under the FLSA and NYLL and, therefore, all claims against them should be dismissed.

Regarding Merrin Group, the Complaint is devoid of any facts sufficient to demonstrate that it exercised formal or functional control over Plaintiff's employment.  Indeed, other than their

---

[1] For purposes of this Motion only, Defendants will assume that Plaintiff has alleged just enough facts to allege plausibly that Havana Central was Plaintiff's employer under the FLSA and NYLL.

addresses and states of incorporation, there are no facts concerning Merrin Group in the Complaint. This alone is grounds to dismiss all claims against this entity.

Moreover, the Complaint does not set forth any facts to establish that the Merrin Group and Havana Central are a single integrated enterprise or joint employers, such that they could be deemed jointly liable as Plaintiff's employer under the FLSA and NYLL. Therefore, the Court should dismiss all claims against Merrin Group.

For all of these reasons and as set forth below, the Complaint is fatally defective, and Defendants' Motion to Dismiss should be granted.

## STATEMENT OF FACTS[2]

### A.    The Parties

Havana Central operates a restaurant in Manhattan, New York. (Complaint ("Compl.") at ¶ 43.) Plaintiff alleges that he worked at Havana Central as a prep cook. (*Id*. at ¶¶ 7, 55). Plaintiff further alleges that he was an employee of all Defendants. (*Id*. at ¶ 54).

Plaintiff also asserts that Jeremy Merrin, Samuel Merrin, Seth Merrin, and Esther Bronstein (collectively, "Individual Defendants") are the owners, officers, or agents of Havana Central and Merrin Group. (*Id*. at ¶¶ 23-42). Plaintiff claims that the Individual Defendants are joint employers with Havana Central and Merrin Group. (*Id*. at ¶¶ 43-51.)

### B.    Plaintiff's Allegations in the Complaint

Plaintiff asserts that he commenced employment at Havana Central in 2006. (*Id*. at ¶ 8.) He alleged that from December 2016 through December 2017, he worked approximately 55 to 60 hours per week as a prep cook a restaurant operated by Havana Central. (*Id*. at ¶ 56). Plaintiff

---

[2] For purposes of this Motion to Dismiss, the material factual allegations set forth in the Complaint are assumed true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C*., 622 F.3d 104, 111 (2d Cir. 2010). However, should Defendants' motion be denied, in whole or in part, Defendants intend to vigorously contest the "facts" asserted in the Complaint.

also claims that from January 2018 through March 2020, he worked approximately 50 to 55 hours per week as a prep cook for Havana Central.  (*Id*. at ¶ 57).  Plaintiff asserts that despite working such hours, Plaintiff was paid a flat weekly salary for $620 per week and did not receive any overtime pay.  (*Id*. at ¶ 58).  Plaintiff concedes that his employment with Defendants ended on March 15, 2022.  (*Id*. at ¶ 8).

Further, Plaintiff alleges that Defendants failed to provide him with a statement of his wages or any wage notice in violation of the NYLL.  (*Id*. at ¶¶ 61-62).  Plaintiff asserts that such failures "den[ied] him the right to know the conditions of his compensation and resulted in the underpayment of wages[.]"  (*Id*. at ¶ 64).

## LEGAL ARGUMENT

### I.   LEGAL STANDARD FOR A MOTION TO DISMISS

A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  Under Rule 12(b)(6), a motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *In re Scholastic Corp. Sec. Litig*., 252 F.3d 63, 69 (2d Cir. 2001) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, *see Roth v. Jennings,* 489 F.3d 499, 501 (2d Cir. 2007), the court should ignore any allegations that are based solely on speculation, conjecture, opinions, or legal conclusions.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do.' Although the law "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation.").

Further, threadbare allegations are insufficient to satisfy applicable pleading standards. Indeed, as the Supreme Court stated in *Iqbal*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation.") . . . **Second, only a complaint that states a plausible claim for relief survives a motion to dismiss**. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (quoting Fed. R. Civ. P. 8(a)(2) (internal citations and parentheticals omitted) (emphasis added).  Based upon the allegations asserted in the Complaint, Plaintiff has failed to state claims upon which relief may be granted.

## II.   **PLAINTIFF'S FLSA CLAIMS ARE TIME BARRED**

Plaintiff filed the Complaint on January 6, 2023.  *See* ECF Dkt. No. 1.   Plaintiff admits that he last worked for Defendants on March 15, 2020.   *See* Compl. at ¶¶ 8, 56-58.  Plaintiff's claims under the FLSA are untimely as they occurred more than two years after the Complaint was filed unless he can show that Defendants willfully violated the FLSA; Plaintiff cannot do so. Accordingly, Plaintiff's FLSA claims are time barred and should be dismissed.

### A.   **Applicable Law**

Generally, "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing Fed. R. Civ. P. 8(c)(1)).  Nevertheless, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* (citation

omitted).  "A court accordingly may dismiss a claim on statute-of-limitations grounds at the pleadings stage 'if [the] complaint clearly shows the claim is out of time.'" *Whiteside v. Hover-Davis*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)).

Under the FLSA, a plaintiff must bring a claim "within two years after the cause of action accrued…except that a cause of action arising out of a *willful* violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis added).  "An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quotations and citation omitted).  "Mere negligence is insufficient," and "'[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation…its action…should not be considered [willful].'"  *Id.*; *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n. 13 (1988)).

"FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage." *Whiteside*, 995 F.3d at 320.  To sufficiently plead "willfulness," a plaintiff must assert with adequate factual allegations that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Id.* at 324 (citation omitted); *see also McLaughlin*, 486 U.S. at 132-33 (a plaintiff must do more than show that "an employer knew that the FLSA 'was in the picture.").  "A[] [mere] averment of 'willfulness,'" however, is "*precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleading stage."  *Whiteside*, 995 F.3d at 321 (emphasis original).  Accordingly, "a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Id.*

6

**B.     Plalntiff Has Not Adequately Pled that Defendants Willfully Violated the FLSA to Avail Himself of the Statute's Three-Year Statute of Limitations**

As explained below, given that Plaintiff has not provided anything beyond purely conclusory allegations that Defendants "willfully" violated the FLSA, Plaintiff cannot avail himself of the FLSA's three-year statute of limitations.  As such, Plaintiff's claims are governed by the FLSA's applicable two-year statute of limitations and are thus time-barred.

In support of his claim that Defendants "willfully" violated the FLSA, Plaintiff asserts that "Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages" and "[d]ue to Defendants' willful violation of the FLSA, Plaintiffs . . . are entitled to recover their unpaid overtime wages . . . ."  Compl. at ¶¶ 73-74.  The Complaint does not contain any factual allegations to suggest that Defendants knew their alleged conduct violated or could violate the FLSA.  Instead, Plaintiff simply pleads facts that are merely consistent with Defendants' liability, *i.e.,* that Defendants acted "willfully" because Plaintiff was not paid overtime.   Such pleadings fall woefully short of the pleading threshold necessary to avail Plaintiff of the FLSA's three-year statute of limitations.  *See Romero v. Manhattan & Bronx Surface Trans. Operating Auth.*, No. 21-cv-4951, 2022 WL 624451, at *5 (S.D.N.Y. Mar. 2, 2022) ("[A] conclusory allegation that a defendant acted willfully, without factual support to back up that allegation, is insufficient to entitle Plaintiffs to the longer limitations period.").

In fact, Plaintiff has provided no factual allegations to suggest that Defendants "acted in *any* manner suggesting an awareness that their actions violated or could violate the FLSA" or had "actual knowledge" and a "reckless disregard" of their legal obligations.  *Whiteside*, 995 F.3d at 324 (emphasis original).  Plaintiff does not allege that anyone from management—let alone anyone who was in control of determining Plaintiff's wages—informed him that they were aware of their obligations under the FLSA.  *See generally* Compl.  Nor does Plaintiff allege that such individuals

then made a conscientious decision to ignore said obligations.  *See, cf., Hernandez v. NHR Human Res., LLC*, No. 20-cv-3109, 2021 WL 2535534, at *2, *16 (S.D.N.Y. June 18, 2021) (finding willfulness where the defendant employer and its agents informed the plaintiff directly that he "would never be paid overtime").  Plaintiff does not even allege that he—or any other employee for that matter—complained to Defendants about the purported failure to receive overtime when they worked more than forty (40) hours during a week.  *See generally* Compl.  Instead, Plaintiff simply "pleads facts that are merely consistent with [Defendants'] liability," *Iqbal*, 556 U.S. at 678 (quotations and citation omitted), such as asserting that Defendants acted "willfully" because of purported "policies and practices" of not paying Plaintiff for all time worked. Compl. at ¶¶ 15, 21, 46, 73.

In short, Plaintiff alleges that Defendants acted, at most, negligently.  Yet "mere negligence is insufficient" to establish willfulness under the FLSA, and, without more, such allegations do not "nudge[] [Plaintiff's willfulness] claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570; *Young*, 586 F.3d at 207; *see also Agureyev v. H.K. Second Ave. Rest. Inc.*, No. 17-cv-7336, 2018 WL 4356731, at *2 (S.D.N.Y. Sept. 12, 2018) ("Therefore, a plaintiff must show more than that defendant should have known it was violating the law.  Should have known implies negligence or reasonable person standard.  Reckless disregard, in contrast, involves actual knowledge of a legal requirement and the deliberate disregard of the risk that one is in violation.") (quotations and citation omitted).  Accordingly, Plaintiff cannot avail himself of the of the FLSA's three-year statute of limitations.

As the Complaint fails to allege facts sufficient to demonstrate a finding of willfulness, the FLSA's two-year statute of limitations applies.  Plaintiff filed the Complaint on January 6, 2023.  *See* ECF Dkt. 1.  Accordingly, any FLSA claims arising two years prior, *i.e.*, January 6, 2021, are

time-barred.  Plaintiff concedes in the Complaint that his employment with Defendants ended on March 15, 2020.  *See* Compl. at ¶ 8.  Therefore, Plaintiff had to file the Complaint no later than March 15, 2022.  *See id.*  He did not do so.  In fact, Plaintiff filed the initial Complaint approximately ten months after the expiration of his FLSA claims.  As such, Plaintiff's FLSA claims are untimely and must be dismissed.

Because Plaintiff's FLSA claims are the only basis for original jurisdiction in this Court, and such claims are time-barred, the Court should dismiss Plaintiff's Complaint in its entirety.

### III.  PLAINTIFF'S CLAIMS OF ALLEGED VIOLATIONS OF NYLL SECTION 195 SHOULD BE DISMISSED BECAUSE PLAINTIFF LACKS STANDING

Plaintiff alleges that Defendants did not provide him with proper wage notices and proper wage statements, in violation of the reporting requirements under NYLL § 195.  *See* Compl. at ¶¶ 61-62, 81-87.  However, as explained below, Plaintiff does not have standing to bring these claims because he has not alleged any concrete, tangible harm necessary to establish standing.

#### A.  The Legal Standard For Article III Standing

A federal court may only exercise subject matter jurisdiction over a plaintiff's claims for which it has standing.  *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992).  Importantly, "a plaintiff must demonstrate standing for each claim he seeks to press."  *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).  This includes claims over which the court has supplemental jurisdiction, even where the plaintiff has standing to bring jurisdiction-invoking federal claims. *Id*. at 351-52.

Federal Rule of Civil Procedure 12(h)(3) directs courts to dismiss an action at any time if the court deems that it lacks subject matter jurisdiction.  *See* Fed. R. Civ. Procedure 12(h).  "The same standards govern a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1) and 12(h)(3)" and the same standards are applicable to both types of motion.  *Metcalf v.*

9

142937032.6

*TransPerfect Translations Int'l, Inc.*, No. 19-cv-10104, 2022 WL 4661926, at *9 (S.D.N.Y. Sept. 30, 2022).  A case should be dismissed for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The requirements of Article III standing are well-established.  "Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'"  *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan*, 504 U.S. at 560-61).  For a plaintiff to prove he suffered an injury in fact, the plaintiff "must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical."  *Id.* (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 187-88 (2d Cir. 2016)).  "Accordingly, to state a viable claim for statutory violations, the complaint must provide factually specific, non-conclusory allegations that they suffered a concrete harm as a result of the violations."  *Metcalf*, 2022 WL 4661926, at *16.

In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), the Supreme Court explained that a plaintiff does not have standing to bring a claim in federal court based solely on a defendant's alleged violation of a statute without showing that the plaintiff suffered a separate injury because of such violation.  *See generally id*. at 2204-2208.  "Only those plaintiffs who have been *concretely harmed* by a defendant's violation may sue that private defendant over that violation in federal court."  *Id.* at 2205 (emphasis original).  Following the Supreme Court's decision in *TransUnion,* the Second Circuit has found that plaintiffs did not have standing to bring suit in federal court based solely on a defendant's alleged violation of various statutes where the plaintiffs could not show that they suffered any injury separate from the statutory violation itself.  *See, e.g., Maddox*

*v. Bank of New York Mellon Trust Co., N.A.*, 19 F.4th 58, 64-66 (2d Cir. 2021) (finding no standing for claims against a bank for alleged violation of New York law concerning recording of mortgage satisfaction); *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 443-44 (2d Cir. 2022) (finding no standing for claims of alleged violations of the Americans with Disabilities Act regulations concerning disclosure of accessibility information on a hotel's website where the plaintiff had no intention of visiting the hotel in question).  To bring a claim in federal court for an alleged "informational injury" arising from a statutory violation, a plaintiff must show that there were "downstream consequences" caused by the plaintiff's failure to receive such information.  *Harty*, 28 F.4th at 444  (quoting *TransUnion*, 141 S. Ct. at 2214).

### B.      Plaintiff Lacks Standing to Pursue Claims Under NYLL Section 195

Plaintiff has not and cannot allege that he suffered any "downstream consequences" from Defendants' alleged failure to provide wage notices or wage statements such that Plaintiff has been injured beyond the statutory violation itself.  As such, Plaintiff does not have standing to bring claims against Defendants for alleged violations of NYLL § 195.

Since the Supreme Court issued its decision in *TransUnion*, federal courts in New York have consistently found that plaintiffs do not have standing under Article III to bring claims in federal court for alleged violations of NYLL §§ 195(1) or 195(3).  These courts have all found that the plaintiffs in those cases, as Plaintiff here, have not suffered any injury beyond the alleged statutory violation itself, which does not grant them standing under Article III as the Supreme Court stated in *TransUnion*.  *See, e.g., Sanchez v. Ms. Wine Shop Inc.*, No. 22-cv-2178, 2022 WL 17368867, at *9 (E.D.N.Y. Nov. 30, 2022) (dismissing NYLL Section 195(3) claim for lack of standing were the plaintiff "merely allege[d] that '[d]efendants failed to provide [p]laintiff with wage statements, upon each payment of his wages, as required by NYLL § 195(3)'"); *Metcalf*, 2022 WL 4661926, at *16 (finding plaintiffs lacked standing to bring claims under NYLL Section

195 where the plaintiffs' complaint "d[id]  not allege that Plaintiffs even read the wage statements or relied on them in any way, or that the wage statements caused Plaintiffs confusion or distress."); *Beh v. Cmty. Care Companions Inc.*, No. 19-cv-01417, 2022 WL 5039391, at *7-10 (W.D.N.Y. Sept. 29, 2022) (recommending dismissal of claims for alleged NYLL Section 195 violation); *Sudilovskiy v. City WAV Corp.*, No. 22-cv-469, 2022 WL 4586307, at *5 (E.D.N.Y. Sept. 29, 2022) (denying plaintiff's motion for a default judgment on NYLL Section 195 claims because plaintiff had not alleged sufficient facts to show standing); *Zuniga v. Newmark Wood Working Grp. Inc.*, No. 20-cv-2464, 2022 WL 3446331, at *7-9 (E.D.N.Y. Aug. 17, 2022) (same); *Sevilla v. House of Salads One LLC*, No. 20-cv-6072, 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (same); *Wang v. XBB, Inc.*, No. 18-cv-7341, 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) (dismissing plaintiff's NYLL § 195(3) claims for lack of standing even where "the evidence establishes by a preponderance that Defendants failed to provide plaintiff with required notices under the NYLL"); *Francisco v. NY Tex Care, Inc.*, No. 19-cv-1649, 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022) (denying class certification on NYLL 195(1) and 195(3) claims because plaintiff lacked standing and failed to "demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action").

Plaintiff asserts that Defendants did not provide him with the wage notice or statements as required by the NYLL.  *See* Compl. at ¶¶ 61-62.  Even if such allegations were true (which they are not), such alleged failure did not cause Plaintiff any injury-in-fact that would be sufficient to confer standing.  These "technical violations of the NYLL" do not create "either a tangible injury or something akin to a traditional cause of action." *Francisco*, 2022 WL 900603, at *7;  *see also Beh*, 2022 WL 5039391, at *7-9 ("While the deficiencies in defendants' provisions of hiring notices may amount to violations of the labor law, neither plaintiffs nor the record demonstrates

how those technical violations led to either a tangible injury or something akin to a traditional cause of action, as required by the Supreme Court."). Thus, Plaintiff's allegations regarding the alleged statutory violations are insufficient to establish standing.

Moreover, Plaintiff's attempt to allege an "injury-in-fact" relating to the purported statutory violations falls flat. The only "injury" Plaintiff asserts is that the purported violations delayed his ability to discover the alleged underpayment of wages. *See* Compl. at ¶¶ 63-64. This is insufficient to show that Plaintiff suffered "downstream consequences" from the alleged "informational injury" that Defendants allegedly caused. Indeed, New York federal courts have rejected this argument and correctly found that a delay in discovering an alleged underpayment in wages does not create an injury sufficient to allow a plaintiff to bring a claim for an alleged violation of Section 195. *See, e.g., Shi v. TL & CG Inc.,* No. 19-cv-08502, 2022 WL 2669156, at *9 (S.D.N.Y. July 11, 2022); *Sudilovskiy*, 2022 WL 4586307, at *4-5 (holding that finding that where "[t]he pleading in the case at bar is devoid of any allegation that the wage underpayment would not have occurred, or would have been reduced, had plaintiffs received a proper wage notice or wage statements," a plaintiff has not suffered an injury sufficient to confer standing). Even if a delay in discovering underpayments could hypothetically create an injury in fact, which Defendants deny, that would not be the case here as it would only have "resulted in Plaintiff bringing the same lawsuit, just earlier." *Shi,* 2022 WL 2669156, at *9.

Accordingly, Plaintiff lacks standing to bring claims for alleged violations of NYLL § 195 and such claims must be dismissed.

## IV.   PLAINTIFF'S WAGE NOTICE CLAIM FAILS AS A MATTER OF LAW

In the Complaint, Plaintiff asserts that Defendants violated NYLL Section 195(1) by failing to provide him with a notice concerning his rate of pay. *See* Compl. at ¶ 62. Plaintiff's claim fails as a matter of law for two reasons: (1) Plaintiff concedes that he commenced employment at

Havana Central before the wage notice requirement was enacted; and (2) there is no private right of action for alleged violations of Section 195(1) after the employee's initial hire. Accordingly, Plaintiff's third cause of action alleging violations of NYLL Section 195(1) against all Defendants should be dismissed as a matter of law.

### A.    Plaintiff Was Hired Before NYLL Wage Notice Requirement Was Enacted

Plaintiff cannot pursue a wage notice claim under the NYLL as a matter of law. Pursuant to Section 195(1) of the NYLL, "an employer must provide an employee with a wage notice within ten business days of the start of employment." *Yuquilema v. Manhattan's Hero Corp*., No. 13-cv-461, 2014 WL 4207106, at \*10 (S.D.N.Y. Aug. 20, 2014), *adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014) (citing N.Y. Lab. L. § 195(1)(a)). This provision of the NYLL does not apply retroactively. "[A]n employee who began working before the [Section 195(1)] took effect on April 9, 2011, may not bring a claim for an employer's failure to provide wage notices." *Canelas v. A'Mangiare, Inc*., No. 13-cv-3630, 2015 WL 2330476, at \*5 (S.D.N.Y. May 14, 2015) (citing *Inclan v. N.Y. Hospitality Grp., Inc*., No. 12-cv-4498, 2015 WL 1399599, at \*8 (S.D.N.Y. Mar. 26, 2015)); *Yuquilema*, 2014 WL 4207106, at \*10 ("[N]one of the Plaintiffs here may recover under this provision of the NYLL . . . as each commenced employment prior to April 9, 2011."). Here, Plaintiff admits that he commenced employment at Havana Central in or around December 2006, nearly five years before the enactment of the NYLL wage notice requirement in April 2011. Compl. at ¶ 8. Therefore, there was no obligation to issue Plaintiff a wage notice at the time he was hired at Havana Central and Plaintiff's claim based on a failure to provide the wage notice at time of hire must be dismissed.

Accordingly, Plaintiff's NYLL § 195(1) claim alleging that Defendants failed to issue him a rate of pay notice at the commencement of employment should be dismissed.

**B.**     <u>There Is No Private Right of Action For Subsequent Section 195(1) Claims</u>

To the extent Plaintiff is asserting a NYLL §195(1) claim for a failure to issue wage notices whenever his rate of pay changed, such claim should be dismissed because the NYLL does not confer a private right of action for such alleged violation of law.

The first paragraph of NYLL § 198(1–b) accords an individual employee a private right of action to recover damages when the "employee is not provided within ten business days of his or her first day of employment a notice as required by [§ 195(1)(a)]" and the next paragraph of Section 198(1-b) accords only the Commissioner of Labor with the power to "bring any legal action necessary, including administrative action" "[o]n behalf of any employee not provided a notice as required by [§ 195(1)(a)] of this article."  N.Y. Lab. L. § 198(1-b).  Following this statutory text, courts in this Circuit routinely hold that there is no private right of action for failing to issue a wage notice other than at the time of hiring.  *See, e.g., Heredia v. Americare, Inc.,* No. 17-cv-06219, 2020 WL 3961618, at * 15 (S.D.N.Y. July 13, 2020) (a private right of action is available to an employee "whose employer fails to provide the initial notice at their hire, but not for subsequent failures to furnish the annual notice in following years.") (quoting *Yuquilema,* 2014 WL 4207106, at *11;  *Veracka v. MLD Mortgage, Inc.,* No. 16-cv-7152, 2021 WL 2662007, at * 9 (E.D.N.Y. April 1, 2021) ("Defendants are correct that there is no private right of action for an employer's failure to provide annual wage notices to an employee[.]").

Accordingly, because Plaintiff was hired before the wage notice requirement was enacted and the NYLL does not provide for a private right of action for a failure to issue subsequent wage notices, the Court should dismiss Plaintiff's NYLL §195(1) claim.

**V.  PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY WERE NOT PLAINTIFF'S EMPLOYER**

Because the Complaint fails to allege sufficient facts that the Individual Defendants were Plaintiff's employer under the FLSA or the NYLL, the Individual Defendants should be dismissed from the action.

Individual liability under the FLSA and NYLL extends only to persons who are found to be a plaintiff's employer, *i.e.*, a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  This determination is "grounded in economic reality rather than technical concepts, determined by reference not to isolated factors, but rather upon the circumstances of the whole activity."  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (internal quotations omitted).  Courts in this Circuit consider a number of factors to determine individual liability, including whether the individual "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Carter*, 735 F.2d at 12; *see also Lin v. Comprehensive Health Mgmt.,* No. 08-cv-6519, 2009 WL 976835, at *2 (S.D.N.Y. Apr. 9, 2009) (stating that the "same analysis" applies when evaluating alleged employer-employee relationships under the FLSA and NYLL).  Courts also examine the scope of the individual's "operational control" over "employment-related factors such as workplace conditions and operations, personnel, or compensation" as well as the individual's "potential power" over employees.  *Irizarry v. Catsimatidis*, 722 F.3d 99, 106-12 (2d Cir. 2013).

In the Complaint, Plaintiff fails to plead facts sufficient to state a claim of individual liability with respect to the Individual Defendants.  Rather, Plaintiff states that the Individual Defendants satisfy the elements set forth in *Carter* in a wholly conclusory manner.  *See* Compl. at ¶¶ 23-42, 49-51.  Indeed, Plaintiff merely states that each Individual Defendant "possesses or

16

possessed operational control," "determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees." *See id.* at ¶¶ 25-26, 30-31, 35-36, 40-41.  This falls far short of the necessary threshold under the Federal Rules and applicable case law necessary to hold the Individual Defendants liable because Plaintiff fails to provide any concrete factual assertions to support these conclusory allegations.  *See, e.g., Weng v. HungryPanda U.S., Inc.*, No. 19-cv-11882, 2022 WL 292799, at *6 (S.D.N.Y. Jan. 31, 2022) ("Plaintiff's allegations related to the Individual Defendants' ability to hire employees and exercise other managerial powers are also unavailing because these allegations merely restate the Carter factors.") (collecting cases); *Huer Huang v. Shanghai City Corp.*, 459 F. Supp. 3d 580, 588 (S.D.N.Y. 2020) (rejecting as insufficient "identical allegations in the identical language as to all of the 12 individual defendants regardless of their role, where they worked, and whether they had ownership interest in [a corporate defendant] and, if so, which one"); *Vast v. Credico (USA) LLC*, No. 15-cv-9298, 2016 WL 4147241, at *7 (S.D.N.Y. Aug. 3, 2016) (dismissing FLSA claims against individual defendant where the complaint "d[id] not plead any facts that would permit the Court to infer that Young had 'operational control' over 'employment-related factors such as workplace conditions and operations, personnel, or compensation.'") (quoting *Irizarry*, 722 F.3d at 109).

Moreover, the Complaint does not allege any facts about the Individual Defendants with respect to Plaintiff's employment.  *See Lin*, 2009 WL 976835, *2 ("The complaint does not allege any facts regarding the positions held by the Individual Defendants or their power to control **plaintiffs'** hours, wages, or other terms and conditions of employment.") (emphasis added); *see also Irizarry*, 722 F.3d at 109 ("Evidence that an individual is an owner or officer of a company, or otherwise makes corporate decisions that have nothing to do with an employee's function, is

insufficient to demonstrate 'employer' status."). This alone is grounds to dismiss the Individual Defendants from the action. *See id.*

Accordingly, Plaintiffs' FLSA and NYLL claims against the Individual Defendants should be dismissed.

## VI. PLAINTIFF'S CLAIMS AGAINST MERRIN GROUP MUST BE DISMISSED BECAUSE MERRIN GROUP WAS NOT PLAINTIFF'S EMPLOYER

As with the Individual Defendants, Plaintiff fails to state sufficient facts to establish that Merrin Group was Plaintiff's employer. Plaintiff does not assert any allegations indicating that he was employed by Merrin Group directly. *See* Compl. at ¶¶ 7-8, 55. Furthermore, Plaintiff has not stated specific, articulable factual allegations sufficient to show that Merrin Group is a joint employer with Havana Central or that Merrin Group and Havana Central are a single integrated enterprise. Accordingly, Plaintiff's claims against Merrin Group should be dismissed.

### A. Merrin Group and Havana Central Are Not Joint Employers

Plaintiff alleges that Merrin Group and Havana Central are joint employers. *See* Compl. at ¶ 45. However, such claim cannot survive dismissal as Plaintiff has not and cannot stated any factual allegations establishing that Merrin Group and Havana Central are joint employers.

"The Second Circuit has applied different multi-factor tests to assess whether [a joint] employment relationship exists, considering the 'economic reality' of the specific employment situation before the court." *Chen v. Lilis 200 W. 57th Corp.*, No. 19-cv-7654, 2020 WL 7774345, at *3 (S.D.N.Y. Dec. 30, 2020) (internal citations omitted). "Courts hold that the New York Labor Law embodies the same standards for joint employment as the FLSA." *Chen v. St. Beat Sportswear, Inc.*, 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005).

In assessing whether there is formal control by the alleged employer, the court considers the following factors: (1) the power to hire and fire employees, (2) supervision and control over

employees' work schedules or conditions of employment, (3) who determines the rate and method of payment, and (4) who maintains employment records.  *Yuan v. AA Forest, Inc.*, No. 20-cv-5484, 2022 WL 900614, at \*3 (E.D.N.Y. March 28, 2022) *(citing Carter*, 735 F.2d at 12).  Alternatively, the court analyzes whether there is functional control by the alleged employer by considering the following factors:  "(1) whether [the alleged employers'] premises and equipment were used for the plaintiffs' work; (2) whether the [subcontractors] had a business that could or did shift as a unit from one putative joint employer to another; (3) the extent to which plaintiffs performed a discrete line job that was integral to [the alleged employers'] process of production; (4) whether responsibility under the contracts could pass from one subcontractor to another without material changes; (5) the degree to which [the alleged employers] or their agents supervised plaintiffs' work; and (6) whether plaintiffs worked exclusively or predominantly for [the alleged employers]."  *Id.* (quoting *Zheng v. Liberty Apparel Co., Inc.*, 355 F.3d 61, 72 (2d Cir. 2003)) (alterations original).  Here, Plaintiff's allegations regarding Merrin Group fail to satisfy either of these joint employer analyses.

In the Complaint, Plaintiff simply repeats the factors necessary to establish liability in a wholly, conclusory fashion.  Specifically, Plaintiff asserts that Havana Central and Merrin Group "are associated and joint employers . . . and share control over the employees" and that both entities "possessed substantial control over Plaintiff's . . . working conditions, and over policies and practices with respect to the employment and compensation of Plaintiff."  *See* Compl. at ¶¶ 45-46. Further, without providing any specific factual allegations, Plaintiff concludes that "Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services."  *See* Compl. at ¶ 51.  These conclusory, boilerplate allegations about Merrin Group are insufficient,

even at the pleadings stage, to show a joint employer relationship with Havana Central. *See Lilis 200 W. 57th Corp*, 2020 WL 7774345, at *5 ("These allegations are simply a recitation of the four factors that comprise the economic reality test . . . There is no reason to credit these formulaic allegations at the motion to dismiss stage.") (internal citations omitted); *Yuan*, 2022 WL 900614, at *7 (dismissing claims against defendant where "the complaint contains barely any non-conclusory factual detail that would allow [the court] to evaluate the extent of [the alleged joint employer's] control, whether formal or functional.").

Accordingly, as Plaintiff has failed to allege sufficient allegations showing that Merrin Group was a joint employer, Plaintiff's claims against Merrin Group must be dismissed.

### B.      Merrin Group and Havana Central Are Not a Single Integrated Enterprise

Plaintiff also fails to assert sufficient allegations to establish that Merrin Group is a single integrated enterprise with Havana Central and was therefore Plaintiff's employer. *See* Compl. at ¶ 48.

To determine whether multiple entities are a single integrated enterprise, "courts consider (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Juarez v. 449 Rest., Inc*., 29 F. Supp. 3d 363, 367 (S.D.N.Y. 2014). "Courts will dismiss a complaint against defendants within a broader alleged enterprise that lack a nexus suggesting control of the plaintiff at hand . . . This nexus has been pleaded where a plaintiff "allege[d] that he worked at the other locations in the enterprise, that he transferred items between those stores, or that he communicated with anyone at those stores." *Ding v. The Mask Pot*, No. 20-cv-06076, 2022 WL 4647847, *3 (E.D.N.Y. Oct. 1, 2022) (internal quotations, citations, and alterations omitted). "[A]llegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees. . . . Indeed, courts in this circuit routinely reject such allegations

where, as here, control was not otherwise alleged." *Id.* (internal quotations and citations omitted) (collecting cases).  Here, Plaintiff's allegations are wholly insufficient to establish that Merrin Group and Havana Central are a single integrated enterprise.

Plaintiff only makes conclusory allegations regarding the relationship between Merrin Group and Havana Central.  Plaintiff asserts that Merrin Group and Havana Central are commonly managed, owned, and/or financially controlled by the Individual Defendants.  Compl. at ¶¶ 48-49. However, such shared ownership and management, by itself, is insufficient to establish a single integrated enterprise.  *See Lilis 200 W. 57th Corp.*, 2020 WL 7774345, at *6 ("Ultimately, even were the Court to credit the entirety of Plaintiff's alleged 'facts,' Plaintiff's allegation of a single shared employee . . . and alleged shared ownership and management is insufficient to allow the Court to infer, even at the pleading stage, that Baumgart's Café is part of a single enterprise with Lili's").  Further, Plaintiff merely restates the factors of the single integrated enterprise test, such as that the entities "share control over the employees," and their working conditions without stating any factual details supporting such legal conclusions.  *See* Compl. at ¶¶ 45-46.  Such restatements of the legal requirements are insufficient to establish a single integrated enterprise as a matter of law.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Accordingly, Plaintiff's conclusory allegations fail to establish that Merrin Group was Plaintiff's employer in any capacity.  Therefore, all claims against Merrin Group should be dismissed.

142937032.6

## **CONCLUSION**

For the reasons set forth herein, the Court should grant Defendants' motion, dismiss Plaintiff's FLSA claims and NYLL Section 195 claims, dismiss all claims against Merrin Group and the Individual Defendants, and grant such other and further relief as the Court deems just and proper.


Dated:      New York, New York
            March 13, 2023


                            FOX ROTHSCHILD, LLP


                            /s/  *Glenn S. Grindlinger*
                            Glenn S. Grindlinger, Esq.
                            Nicole E. Price, Esq.
                            101 Park Avenue, 17th Floor
                            New York, New York 10178
                            (212) 878-7900
                            ggrindlinger@foxrothschild.com
                            nprice@foxrothschild.com

                            *Attorneys for Defendants*

142937032.6