**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SENON MARTINEZ MONTOYA, *on behalf of himself and other similarly situated in the proposed FLSA Collective Action*,<br><br>Plaintiff,<br><br>- against -<br><br>HAVANA CENTRAL NY 2, LLC, and JEREMY MERRIN,<br><br>Defendants. | Case No. 1:23-cv-00111 (JLR) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Nicole E. Price, Esq.

144407569.2

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 2

      A.    The Parties ............................................................................................... 2

      B.    Plaintiff's Allegations in the Amended Complaint .................................... 3

      C.    Procedural History .................................................................................... 3

LEGAL ARGUMENT ............................................................................................................... 4

    II.    LEGAL STANDARD FOR A MOTION TO DISMISS ......................................... 4

    III.    PLAINTIFF'S FLSA CLAIMS ARE TIME BARRED ......................................... 5

      A.    Applicable Law ........................................................................................ 5

      B.    Plaintiff Has Not Adequately Pled that Defendants Willfully Violated the FLSA to Avail Himself of the Three-Year Statute of Limitations ............................................................................................... 7

      C.    Plaintiff's FLSA Claims Are Untimely Under the Two-Year Statute of Limitations ............................................................................................... 9

    IV.    PLAINTIFF FAILS MEET THE *LUNDY* PLEADING STANDARD REQUIRED TO STATE A CLAIM FOR UNPAID OVERTIME UNDER THE FLSA ............................................................................................................ 9

      A.    The *Lundy* Pleading Standard for FLSA Overtime Claims ....................... 9

      B.    Plaintiff Failed to Sufficiently Plead a FLSA Overtime Claim ................ 11

    V.    PLAINTIFF'S NYLL CLAIM SHOULD BE DISMISSED ............................... 12

      A.    The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claim and Dismiss the Amended Complaint in its Entirety ........................................................................................... 12

      B.    Alternatively, the Court Should Dismiss Plaintiff's NYLL Overtime Claim with Prejudice for the Same Reasons as Plaintiff's FLSA Claim ...................................................................................................... 13

CONCLUSION ....................................................................................................................... 14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                    **Page(s)**

*Agureyev v. H.K. Second Ave. Rest. Inc.*,
    No. 17-cv-7336, 2018 WL 4356731 (S.D.N.Y. Sept. 12, 2018) ................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................... 4, 5, 6, 8

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................... 4, 5, 6, 8

*Bonn-Wittingham v. Project OHR, Inc.*,
    792 Fed. Appx. 71 (2d Cir. 2019) ..........................................................................................11

*Bustillos v. Academy Bus, LLC*,
    No. 13-cv-565, 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014) .....................................11, 12, 13

*Dejesus v. HF Management Servs., LLC*,
    726 F.3d 85 (2d Cir. 2013) ............................................................................................10, 11

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) ....................................................................................................2

*Harris v. City of N.Y.*,
    186 F.3d 243 (2d Cir. 1999) ....................................................................................................6

*Henao v. Parts Auth., LLC*,
    No. 19-cv-10720, 2020 WL 5751175 (S.D.N.Y. Sept. 25, 2020) .........................................13

*Hernandez v. NHR Human Res., LLC*,
    No. 20-cv-3109, 2021 WL 2535534 (S.D.N.Y. June 18, 2021) ..............................................7

*Hishon v. King & Spalding*,
    467 U.S. 69 (1984) ..................................................................................................................4

*Hosseini v. Miilkiina LLC*,
    No. 22-cv-01459, 2023 WL 2136390 (S.D.N.Y. Feb. 21, 2023) ...........................................11

*Lundy v. Catholic Health Sys. of Long Is. Inc.*,
    711 F.3d 106 (2d Cir. 2013) ............................................................................................ *passim*

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988) ................................................................................................................6

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
    723 F.3d 192 (2d Cir. 2013)..................................................................................10, 11

*Paleja v. KP NY Operations LLC*,
    No. 21-cv-286, 2022 WL 364007 (2d Cir. Feb. 8, 2022) ...........................................10

*Ramirez v. Temin & Co., Inc.*,
    No. 20-cv-6258, 2021 WL 4392303 (S.D.N.Y. Sept. 24, 2021) ...............................13

*Reich v. Waldbaum, Inc.*,
    52 F.3d 35 (2d Cir. 1995)..............................................................................................6

*Romero v. Manhattan & Bronx Surface Trans. Operating Auth.*,
    No. 21-cv-4951, 2022 WL 624451 (S.D.N.Y. Mar. 2, 2022).......................................8

*Roth v. Jennings*,
    489 F.3d 499 (2d Cir. 2007)..........................................................................................4

*In re Scholastic Corp. Sec. Litig.*,
    252 F.3d 63 (2d Cir. 2001)............................................................................................4

*Staehr v. Hartford Fin. Servs. Grp.*,
    547 F.3d 406 (2d Cir. 2008)..........................................................................................5

*Thompson v. Urban Recovery House, LLC*,
    No. 20-cv-9581, 2022 WL 589957 (S.D.N.Y. Feb. 28, 2022) ...................................11

*Whiteside v. Hover-Davis*,
    995 F.3d 315 (2d Cir. 2021)......................................................................................6, 7

*Young v. Cooper Cameron Corp.*,
    586 F.3d 201 (2d Cir. 2009)......................................................................................6, 8

**<u>Statutes</u>**

28 U.S.C. § 1331.................................................................................................................12

28 U.S.C. § 1367.................................................................................................................13

29 U.S.C. § 207(a)(1)............................................................................................................9

29 U.S.C. § 255(a) ................................................................................................................6

Fair Labor Standards Act (FLSA).............................................................................. *passim*

New York Labor Law (NYLL)................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .................................................................................................................5

Fed. R. Civ. P. 8(c)(1) .................................................................................................................5

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1, 4, 5

144407569.2

**PRELIMINARY STATEMENT**

Defendants Havana Central NY 2, LLC, ("Havana Central") and Jeremy Merrin ("Merrin" and collectively with Havana Central, "Defendants") submit this memorandum of law in support of their motion to dismiss Plaintiff Senon Martinez Montoya's ("Plaintiff") Amended Complaint pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

After receiving Defendants' motion to dismiss the Complaint, Plaintiff filed his Amended Complaint, adding some allegations and removing The Merrin Group and other individuals as defendants. Despite having the opportunity to cure the deficiencies in his initial pleadings, Plaintiff's Amended Complaint is still devoid of specific factual allegations necessary to state cognizable claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

First, the Amended Complaint is fatally flawed and should be dismissed because Plaintiff's claims under the FLSA are time-barred by the statute's two-year statute of limitations. As Plaintiff did not file his Complaint until approximately ten months after the expiration of his FLSA claims, Plaintiff's FLSA claims are time-barred.

Without providing any factual support whatsoever, Plaintiff attempts to avail himself of the FLSA's longer three-year statute of limitations. Even after an opportunity to correct his pleading deficiencies, Plaintiff's amended pleadings still fail to meet the threshold to avail Plaintiff of the FLSA's three-year statute of limitations. Plaintiff has merely pled facts that are consistent with Defendants' liability, *i.e.,* that Defendants must have acted "willfully" because allegedly Plaintiff was not compensated appropriately, and did not add any further pleadings on this issue. Plaintiff is, therefore, not entitled to take advantage of the FLSA's three-year statute of limitations and his FLSA claims should be dismissed as untimely.

1

Second, even if Plaintiff's FLSA claim was not time-barred, it would still fail. It is well-established that conclusory allegations, like Plaintiff's, about working overtime and not receiving overtime pay are insufficient to meet the *Lundy* pleading standard for FLSA overtime claims. Indeed, Plaintiff's Amended Complaint does not allege with any particularity a single workweek in which Plaintiff actually worked in excess of 40 hours per week and did not receive overtime compensation. Accordingly, consistent with Second Circuit precedent, Plaintiff's FLSA overtime claim should be dismissed.

Given that Plaintiff's FLSA claim cannot survive the instant Motion to Dismiss because it is both time-barred and insufficiently pled, this Court should decline to exercise personal jurisdiction over Plaintiff's New York Labor Law ("NYLL") claim and dismiss the Amended Complaint in its entirety. Alternatively, if the Court does exercise supplemental jurisdiction, over Plaintiff's NYLL claim should be dismissed because it is analytically identical to Plaintiff's FLSA overtime claims and, thus, has not been sufficiently pled.

For all of these reasons and as set forth below, the Complaint is fatally defective, and Defendants' Motion to Dismiss should be granted.

## STATEMENT OF FACTS[1]

### A. The Parties

Havana Central operates a restaurant in Manhattan, New York. (Grindlinger Decl., Ex. 2 ("Am. Compl.") at ¶ 27).[2] Plaintiff alleges that he worked at Havana Central as a delivery person

---

[1] For purposes of this Motion to Dismiss, the material factual allegations set forth in the Amended Complaint are assumed true and will form the basis for the statement of facts herein. *See DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). However, should Defendants' motion be denied, in whole or in part, Defendants intend to vigorously contest the "facts" asserted in the Amended Complaint.

[2] For ease of reference, citations to the Declaration of Glenn S. Grindlinger, dated April 10, 2023, are herein referred to as "Grindlinger Decl."

and prep cook. (*Id*. at ¶¶ 8, 36, 38, 44). Plaintiff further alleges that he was an employee of all Defendants. (*Id*. at ¶ 43).

Plaintiff asserts that Jeremy Merrin is an owner, officer, or agent of Havana Central. (*Id*. at ¶ 19). Plaintiff claims that Merrin was his employer and is a joint employer with Havana Central. (*Id*. at ¶¶ 26-35).

### B.   Plaintiff's Allegations in the Amended Complaint

Plaintiff asserts that he commenced employment at Havana Central in January 2003. (*Id*. at ¶ 9). Plaintiff claims that throughout 2003 he worked as a delivery person at Havana Central. (*Id*. at ¶ 36). Plaintiff further claims that, beginning in January 2004 through the end of his employment on March 15, 2020, he worked as a prep cook at Havana Central. (*Id*. at ¶ 38).

He alleges that from January 2017 through December 2017, he "worked as a prep cook five (5) days per week . . . from approximately 6:00 a.m. to 5:00 p.m. or 6:00 p.m. . . . for a total average of approximately 55 to 60 hours during each of the weeks, respectively." (*Id*. at ¶ 45). Plaintiff also claims that from January 2018 through March 2020, he "worked as a prep cook five (5) days per week . . . from approximately 6:00 a.m. to 4:00 p.m. or 5:00 p.m. . . . for a total average of approximately 50 to 55 hours during each of the weeks, respectively." (*Id*. at ¶ 46). Plaintiff asserts that from January 2017 through March 2020, Plaintiff was paid a "flat weekly salary of $711.53 to $807.70 per week, regardless of the amount of hours he worked per week." (*Id*. at ¶ 47). Plaintiff concedes that his employment with Defendants ended on March 15, 2022. (*Id*. at ¶ 9).

### C.   Procedural History

On January 6, 2023, Plaintiff filed his Summons and Complaint with this Court, commencing this action against Havana Central, The Merrin Group LLC, Jeremey Merrin, Samuel Merrin, Seth Merrin, and Ester Bronstein. (Grindlinger Decl., Ex. 1 ("Complaint" or "Compl.")).

3

In the Complaint, Plaintiff alleged four causes of action arising under either the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"). (*Id*.) On March 13, 2023, all the defendants timely filed a joint motion to dismiss the Complaint, putting Plaintiff on notice of the various deficiencies with his pleadings. ECF Dkt. 8-10. Plaintiff did not submit an opposition to the motion.

On April 3, 2023, Plaintiff filed his Amended Complaint. (Grindlinger Decl., Ex. 2). In the Amended Complaint, Plaintiff only alleges two causes of action: (1) failure to pay overtime wages under the FLSA; and (2) failure to pay overtime wages under the NYLL. (*Id*.) In addition to amending his pleadings, Plaintiff also removed The Merrin Group LLC, Samuel Merrin, Seth Merrin, and Ester Bronstein as defendants in this action. (*Id*.)

## LEGAL ARGUMENT

### II.  LEGAL STANDARD FOR A MOTION TO DISMISS

A party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), a motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *In re Scholastic Corp. Sec. Litig*., 252 F.3d 63, 69 (2d Cir. 2001) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

To survive a motion to dismiss, a complaint must contain sufficient factual material to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, *see Roth v. Jennings,* 489 F.3d 499, 501 (2d Cir. 2007), the court should ignore any allegations that are based solely on speculation, conjecture, opinions, or legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

4

of action will not do.' Although the law "does not require 'detailed factual allegations,' . . . it demands more than unadorned, the-defendant-unlawfully-harmed-me accusation.").

Further, threadbare allegations are insufficient to satisfy applicable pleading standards. Indeed, as the Supreme Court stated in *Iqbal*:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation.") . . . **Second, only a complaint that states a plausible claim for relief survives a motion to dismiss**. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (quoting Fed. R. Civ. P. 8(a)(2) (internal citations and parentheticals omitted) (emphasis added). Based upon the allegations asserted in the Complaint, Plaintiff has failed to state claims upon which relief may be granted.

### III.   PLAINTIFF'S FLSA CLAIMS ARE TIME BARRED

Plaintiff filed the Complaint on January 6, 2023. *See* Compl. Plaintiff admits that he last worked for Defendants on March 15, 2020. *See* Am. Compl. at ¶¶ 9, 38. Plaintiff's claims under the FLSA are untimely as they occurred more than two years after the Complaint was filed unless he can show that Defendants willfully violated the FLSA; Plaintiff cannot do so. Accordingly, Plaintiff's FLSA claims are time barred and should be dismissed.

#### A.   Applicable Law

Generally, "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (citing Fed. R. Civ. P. 8(c)(1)). Nevertheless, "a defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Id.* (citation

5

Case 1:23-cv-00111-JLR   Document 17   Filed 04/10/23   Page 11 of 19

omitted).  "A court accordingly may dismiss a claim on statute-of-limitations grounds at the pleadings stage 'if [the] complaint clearly shows the claim is out of time.'"  *Whiteside v. Hover-Davis*, 995 F.3d 315, 319 (2d Cir. 2021) (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)).

Under the FLSA, a plaintiff must bring a claim "within two years after the cause of action accrued…except that a cause of action arising out of a *willful* violation may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a) (emphasis added).  "An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act."  *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quotations and citation omitted).  "Mere negligence is insufficient," and "'[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation…its action…should not be considered [willful].'"  *Id.*; *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 n. 13 (1988)).

"FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage."  *Whiteside*, 995 F.3d at 320.  To sufficiently plead "willfulness," a plaintiff must assert with adequate factual allegations that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  *Id.* at 324 (citation omitted); *see also McLaughlin*, 486 U.S. at 132-33 (a plaintiff must do more than show that "an employer knew that the FLSA 'was in the picture.'").  "A[] [mere] averment of 'willfulness,'" however, is "*precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleading stage."  *Whiteside*, 995 F.3d at 321 (emphasis original).  Accordingly, "a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA."  *Id.*

6

**B.      Plaintiff Has Not Adequately Pled that Defendants Willfully Violated the FLSA to Avail Himself of the Three-Year Statute of Limitations**

As explained below, given that Plaintiff has not provided anything beyond purely conclusory allegations that Defendants "willfully" violated the FLSA, Plaintiff cannot avail himself of the FLSA's three-year statute of limitations. As such, Plaintiff's claims are governed by the FLSA's two-year statute of limitations and are time-barred.

Although Plaintiff was provided with notice and opportunity, Plaintiff has failed to remedy his deficient pleadings and continues to only make conclusory allegations about how Defendants "willfully" violated the FLSA. As in his Complaint, Plaintiff asserts in his Amended Complaint that "Defendants willfully violated the FLSA and NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages" and "[d]ue to Defendants' willful violation of the FLSA, Plaintiffs . . . are entitled to recover their unpaid overtime wages . . . ." Am. Compl. at ¶¶ 67, 69; *see* Compl. at ¶¶ 73-74. The Amended Complaint does not contain any factual allegations to suggest that Defendants knew their alleged conduct violated or could violate the FLSA.

In fact, despite having the opportunity to amend his pleadings, Plaintiff has provided no factual allegations to suggest that Defendants "acted in *any* manner suggesting an awareness that their actions violated or could violate the FLSA" or had "actual knowledge" and a "reckless disregard" of their legal obligations. *Whiteside*, 995 F.3d at 324 (emphasis original). Plaintiff still does not allege that anyone from management—let alone anyone who was in control of determining Plaintiff's wages—informed him that they were aware of their obligations under the FLSA. *See generally* Am. Compl. Nor does Plaintiff allege that such individuals then made a conscientious decision to ignore said obligations. *See, cf., Hernandez v. NHR Human Res., LLC*, No. 20-cv-3109, 2021 WL 2535534, at *2, *16 (S.D.N.Y. June 18, 2021) (finding willfulness where the defendant employer and its agents informed the plaintiff directly that he "would never

7

be paid overtime"). Plaintiff does not even allege that he—or any other employee for that matter—complained to Defendants about the purported failure to pay overtime when they worked more than forty (40) hours during a week. *See generally* Am. Compl. Instead, Plaintiff simply "pleads facts that are merely consistent with [Defendants'] liability," *Iqbal*, 556 U.S. at 678 (quotations and citation omitted), by making conclusory assertions that Defendants acted "willfully" and "knowingly violat[ed] the FLSA" because Plaintiff was not paid overtime. Am. Compl. at ¶¶ 55-57, 66-68. Such threadbare allegations fall woefully short of the pleading threshold that must be met to avail Plaintiff of the FLSA's three-year statute of limitations. *See Romero v. Manhattan & Bronx Surface Trans. Operating Auth.*, No. 21-cv-4951, 2022 WL 624451, at *5 (S.D.N.Y. Mar. 2, 2022) ("[A] conclusory allegation that a defendant acted willfully, without factual support to back up that allegation, is insufficient to entitle Plaintiffs to the longer limitations period.").

At most, Plaintiff's allegations in the Amended Complaint suggest that Defendants acted negligently. Yet "mere negligence is insufficient" to establish willfulness under the FLSA, and, without more, such allegations do not "nudge[] [Plaintiff's willfulness] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Young*, 586 F.3d at 207; *see also Agureyev v. H.K. Second Ave. Rest. Inc.*, No. 17-cv-7336, 2018 WL 4356731, at *2 (S.D.N.Y. Sept. 12, 2018) ("Therefore, a plaintiff must show more than that defendant should have known it was violating the law. Should have known implies negligence or reasonable person standard. Reckless disregard, in contrast, involves actual knowledge of a legal requirement and the deliberate disregard of the risk that one is in violation.") (quotations and citation omitted). Accordingly, Plaintiff cannot avail himself of the of the FLSA's three-year statute of limitations.

### C.     Plaintiff's FLSA Claims Are Untimely Under the Two-Year Statute of Limitations

As the Amended Complaint fails to allege facts sufficient to demonstrate a finding of willfulness, the FLSA's two-year statute of limitations applies to Plaintiff's claims. Plaintiff filed the Complaint on January 6, 2023. *See* Compl. Accordingly, any FLSA claims arising more than two years prior, *i.e.*, before January 6, 2021, are time-barred.

Plaintiff concedes in the Amended Complaint that his employment with Defendants ended on March 15, 2020. Am. Compl. at ¶ 9. Given this admission, Plaintiff needed to file the Complaint no later than March 15, 2022, in order for his FLSA claims to be timely. He did not do so. In fact, Plaintiff filed the initial Complaint approximately ten months after the expiration of his FLSA claims. As such, Plaintiff's FLSA claim are untimely and must be dismissed.

## IV.     PLAINTIFF FAILS MEET THE *LUNDY* PLEADING STANDARD REQUIRED TO STATE A CLAIM FOR UNPAID OVERTIME UNDER THE FLSA

Assuming *arguendo* that Plaintiff's FLSA claim is not time-barred, such claim should still be dismissed. Plaintiff's threadbare, conclusory allegations about allegedly working overtime hours fail to state a cognizable FLSA overtime claim as a matter of law.

### A.     The *Lundy* Pleading Standard for FLSA Overtime Claims

The FLSA requires that an employee who works "in excess of" 40 hours per week be compensated for such excess hours at an overtime rate, meaning "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). The Second Circuit has held that "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Is. Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (hereinafter referred to as the "*Lundy* pleading standard").

In subsequent decisions, the Second Circuit clarified the *Lundy* pleading standard.  *See Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013); *Dejesus v. HF Management Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013).  The Second Circuit held that "[t]o plead a plausible FLSA overtime claim, [a plaintiff] must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that [the plaintiff] worked more than forty hours in a given week." *Nakahata*, 723 F.3d at 201.  Indeed, the *Lundy* pleading standard requires that plaintiffs "allege overtime without compensation in a 'given' workweek" and is "not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.'" *Dejesus*, 726 F.3d at 90 (quoting *Lundy*, 711 F.3d at 114).

Recently, in *Paleja v. KP NY Operations LLC*, the Second Circuit applied the *Lundy* pleading standard and affirmed dismissal of the plaintiff's FLSA claim as he had failed to plausibly allege an overtime violation by pleading that in a "typical week he would work approximately 70 hours – 11am to 11pm, 6 days per week" and claiming that in the first week of September 2019 he worked approximately 70 hours and was paid a salary of $1400.  No. 21-cv-286, 2022 WL 364007, at *2 (2d Cir. Feb. 8, 2022) (internal quotations omitted).  Specifically, the Second Circuit held that while a general summary of a plaintiff's typical work schedule and singular example may "leave open the possibility that [the plaintiff] was insufficiently compensated for overtime, the mere possibility of misconduct is not enough to make out a plausible claim." *Id*. at *2 (internal quotations omitted) (noting that plaintiff failed to provide "allegations sufficient to allow for the reasonable inference that the $1,400 payment failed to include overtime compensation" (internal quotations omitted)).

Indeed, district courts in the Second Circuit have repeatedly dismissed FLSA overtime claims where plaintiffs make conclusory allegations about how they typically worked an

10

approximate amount of overtime hours during a certain time period. *See, e.g.*, *Hosseini v. Miilkiina LLC*, No. 22-cv-01459, 2023 WL 2136390, at *6 (S.D.N.Y. Feb. 21, 2023) (denying default judgment on FLSA overtime claim where plaintiff alleged that she "worked approximately between 40 and 50 hours per week" from October 2020 to June 2021 and was not paid overtime); *Thompson v. Urban Recovery House, LLC*, No. 20-cv-9581, 2022 WL 589957, at *4-6 (S.D.N.Y. Feb. 28, 2022) (dismissing FLSA overtime claim where plaintiff alleged that "he was scheduled to work five days per week, from 7:30 a.m. to 4:00 p.m." and was "routinely required" to work after 4:00 p.m. and perform work on the weekends).

### B. Plaintiff Failed to Sufficiently Plead a FLSA Overtime Claim

Plaintiff alleges that he "was required to work in excess of forty (40) hours per week, but never received an overtime premium . . . for those hours." Am. Compl. at ¶ 48. However, such allegation is "merely [a] legal conclusion[] that constitute[s] 'little more than a paraphrase of the statute'" and cannot establish a FLSA overtime claim. *Bonn-Wittingham v. Project OHR, Inc.*, 792 Fed. Appx. 71, 74 (2d Cir. 2019) (quoting *Dejesus*, 726 F.3d at 89).

Plaintiff's other conclusory allegations of unpaid overtime also fail to meet the pleading standard. Plaintiff alleges that during 2017, he worked five days per week "from approximately 6:00 a.m. to 5:00 p.m. or 6:00 p.m. . . . for a total average of approximately 55 to 60 hours during each of the weeks, respectively." Am. Compl. at ¶ 45. He also alleges that from January 2018 through March 2020, he worked five days per week "from approximately 6:00 a.m. to 4:00 p.m. or 5:00 p.m. . . . for a total average of approximately 50 to 65 hours during each of the weeks, respectively." Am. Compl. at ¶ 46. These allegations are "equivalent to the allegations in *DeJesus* and *Nakahata* in which the plaintiffs claimed they regularly worked in excess of forty hours per week or did so during some or all weeks." *Bustillos v. Academy Bus, LLC*, No. 13-cv-565, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (internal quotations and citations omitted) (dismissing

FLSA overtime claim where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week"). Ultimately, Plaintiff's allegations "boil[] down to a conclusory assertion, without any supporting factual context, that the defendants violated the FLSA overtime provision because [Plaintiff] worked some number of excess hours in some unidentified week" and are insufficient to meet the Lundy pleading standard. *Id*.

To survive dismissal, "there should be sufficient factual allegations in the Amended Complaint—rather than a general and conclusory allegation as to the number of hours 'routinely' worked—whereby the Court can reasonably infer that there was indeed one or more particular workweek(s) in which the plaintiff suffered an overtime violation." *Id*. at *4. Here, Plaintiff does not provide specific facts regarding his alleged overtime work for even a single workweek during a three-year period. Accordingly, Plaintiff has failed to plead allegations sufficient to satisfy the *Lundy* pleading standard and his FLSA overtime claim should be dismissed.

## V.     **PLAINTIFF'S NYLL CLAIM SHOULD BE DISMISSED**

In his Second Cause of Action, Plaintiff alleges that Defendants failed to pay him overtime wages in accordance with NYLL. Am. Compl. at ¶¶ 70-75. As Plaintiff's FLSA claim cannot survive Defendants' Motion to Dismiss, this Court should either decline to exercise supplemental jurisdiction over Plaintiff's NYLL claim or dismiss such claim with prejudice as it is insufficiently pled.

### A.     **The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's NYLL Claim and Dismiss the Amended Complaint in its Entirety**

In the Amended Complaint, Plaintiff only alleges two causes of action: (1) unpaid overtime wages under the FLSA; and (2) unpaid overtime wages under the NYLL. The Court's subject matter jurisdiction in this case is premised on federal question jurisdiction as district courts have original jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1331.

Upon dismissal of Plaintiff's FLSA claim for the reasons discussed above, the Court should not exercise supplemental jurisdiction over Plaintiff's NYLL overtime claim. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. Indeed, district courts have routinely decided not to exercise supplemental jurisdiction over a plaintiff's NYLL claims after dismissing FLSA claims, which were the only basis for original jurisdiction. *See, e.g.*, *Henao v. Parts Auth., LLC*, No. 19-cv-10720, 2020 WL 5751175, at *7 (S.D.N.Y. Sept. 25, 2020); *Bustillos v. Academy Bus, LLC*, No. 13-cv-565, 2014 WL 116012, at *5 (S.D.N.Y. Jan. 13, 2014). Accordingly, the Court should decline to exercise supplemental jurisdiction and should dismiss the Amended Complaint in its entirety.

**B.     Alternatively, the Court Should Dismiss Plaintiff's NYLL Overtime Claim with Prejudice for the Same Reasons as Plaintiff's FLSA Claim**

If the Court decides to exercise supplemental jurisdiction over Plaintiff's NYLL overtime claim, the Court should dismiss such claim. "The pleading standard applicable to overtime claims under the NYLL is analytically identical to its federal counterpart, the [FLSA]." *Ramirez v. Temin & Co., Inc.*, No. 20-cv-6258, 2021 WL 4392303, at *18 (S.D.N.Y. Sept. 24, 2021) (applying *Lundy* pleading standard and dismissing NYLL overtime claim where plaintiff alleged "that she consistently worked more than forty hours a week (at times fifty and sixty hours)"); *see Lundy*, 711 F.3d at 118 (affirming "dismissal of Plaintiffs' NYLL overtime claims" with prejudice where "the district court relied on the fact that the same standard applied to the FLSA and NYLL claims"). As explained above, Plaintiff has failed to state a claim for unpaid overtime under the FLSA because his conclusory allegations do not satisfy the *Lundy* pleading standard. Accordingly, because FLSA and NYLL claims are "analytically identical," Plaintiff's NYLL overtime claim is also deficient as a matter of law and should be dismissed with prejudice.

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that the Court grant their motion, dismiss the Amended Complaint in its entirety, with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 10, 2023

        FOX ROTHSCHILD, LLP

        /s/  *Glenn S. Grindlinger*
        Glenn S. Grindlinger, Esq.
        Nicole E. Price, Esq.
        101 Park Avenue, 17th Floor
        New York, New York 10178
        (212) 878-7900
        ggrindlinger@foxrothschild.com
        nprice@foxrothschild.com

        *Attorneys for Defendants*