UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SENON MARTINEZ MONTOYA, *on behalf of himself and other similarly situated in the proposed FLSA Collective Action*,

                Plaintiff,

- against -

HAVANA CENTRAL NY 2, LLC, and JEREMY MERRIN,

                Defendants.

Case No. 1:23-cv-00111 (JLR)

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

---

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Nicole E. Price, Esq.

145116087.3

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

I.  PLAINTIFF'S FLSA CLAIM IS TIME BARRED................................................................ 2

        A.      The *Whiteside* Pleading Standard Apply to Plaintiff's FLSA Claim....................... 3

        B.      Plaintiff's Conclusory Allegations Do Not Satisfy the *Whiteside* Pleading Standard to Avail Plaintiff of the Three-Year Statute of Limitations..................... 5

        C.      Plaintiff Does Not Dispute that His FLSA Claim Is Untimely under the Two-Year Statute of Limitations ............................................................................ 6

II.     PLAINTIFF FAILS MEET THE *LUNDY* PLEADING STANDARD REQUIRED TO STATE A CLAIM FOR UNPAID OVERTIME UNDER THE FLSA ....................... 7

III.    PLAINTIFF'S NYLL CLAIM SHOULD BE DISMISSED............................................... 8

IV.    PLAINTIFF'S REQUEST TO REPLEAD SHOULD BE DENIED ................................ 9

CONCLUSION................................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                              **Page(s)**

*Abe v. New York Univ.*,
   No. 14-cv-9323, 2016 WL 1275661 (S.D.N.Y. Mar. 30, 2016) ............................................... 10

*Adams v. City of New York*,
   No. 16-cv-3445, 2021 WL 1791182 (S.D.N.Y. May 5, 2021) .................................................. 4

*Carusillo v. Fansided, Inc.*,
   No. 20-cv-4766, 2021 WL 4311167 (S.D.N.Y. Sept. 21, 2021) ............................................... 4

*Christian v. MH Plumbing & Mechanical Corp.*,
   No. 22-cv-04774, ECF Dkt. 21 (E.D.N.Y. Jan. 30, 2023) ........................................................ 7

*Edwards v. Thomson Reuters (Tax & Acct.) Inc.*,
   No. 19-cv-93, 2020 WL 2132348 (S.D.N.Y. May 5, 2020) ...................................................... 9

*Ford v. WSP USA, Inc.*,
   No. 19-cv-11705, 2021 WL 4803848 (S.D.N.Y. Oct. 14, 2021) ............................................... 4

*Guerrero v. Danny's Furniture, Inc.*,
   No. 19-cv-7284, 2021 WL 4155124 (S.D.N.Y. Sept. 13, 2021) ............................................... 7

*Henao v. Parts Auth., LLC*,
   No. 19-cv-10720, 2020 WL 5751175 (S.D.N.Y. Sept. 25, 2020) ............................................. 8

*Horoshko v. Citibank, N.A.*,
   373 F.3d 248 (2d Cir. 2004) ................................................................................................... 10

*Kim v. Superior Café Corp.*,
   No. 21-cv-3620, 2022 WL 481725 (S.D.N.Y. Feb. 15, 2022) .................................................. 7

*Lawtone-Bowles v. City of New York*,
   No. 16-cv-3445, 2020 WL 2833366 (S.D.N.Y. June 1, 2020) .............................................. 3, 4

*Lundy v. Catholic Health Sys. of Long Is. Inc.*,
   711 F.3d 106 (2d Cir. 2013) ............................................................................................ passim

*Maria v. El Mambi Restaurant Corporation*,
   No. 20-cv-3707, 2021 WL 2337577 (S.D.N.Y. June 8, 2021) ................................................. 4

*McBeth v. Porges*,
   171 F. Supp. 3d 216 (S.D.N.Y. 2016) ...................................................................................... 9

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184 (2d Cir. 2007)......................................................................................................9

*Nell v. City of New York*,
   No. 19-cv-6702, 2021 WL 2716523 (S.D.N.Y. July 1, 2021)...................................................4

*Paleja v. KP NY Operations LLC*,
   No. 21-cv-286, 2022 WL 364007 (2d Cir. Feb. 8, 2022) ..........................................................7

*Persuad v. Adirondacks Protection Servs. LLC*,
   No. 22-cv-08115, ECF Dkt. 38 (S.D.N.Y. Apr. 26, 2022) ........................................................7

*Ramirez v. Temin & Co., Inc.*,
   No. 20-cv-6258, 2021 WL 4392303 (S.D.N.Y. Sept. 24, 2021) ...............................................8

*Romero v. Manhattan & Bronx Surface Trans. Op. Auth.*,
   No. 21-cv-4951, 2022 WL 624451 (S.D.N.Y. Mar. 2, 2022).....................................................5

*Sims v. Crown Waste Corp.*,
   No. 22-cv-6047, 2023 WL 363070 (E.D.N.Y. Jan. 23, 2023)....................................................7

*Whiteside v. Hover-Davis*,
   995 F.3d 315 (2d Cir. 2021)............................................................................................. passim

**Statutes**

Fair Labor Standards Act (FLSA).......................................................................................... passim

New York Labor Law (NYLL).................................................................................................2, 5, 8

**Other Authorities**

Fed. R. Civ. P. 12(h)(3)...................................................................................................................1

Fed. R. Civ. P. 15(a) .......................................................................................................................9

Fed. R. Civ. P. 12(b)(1)...................................................................................................................1

**PRELIMINARY STATEMENT**

Defendants Havana Central NY 2, LLC, ("Havana Central") and Jeremy Merrin ("Merrin" and collectively with Havana Central, "Defendants") submit this Reply Memorandum of Law in further support of their Motion to Dismiss the Amended Complaint of Plaintiff Senon Martinez Montoya ("Plaintiff") pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

Despite already having the opportunity to cure the deficiencies in his initial pleadings, Plaintiff's Amended Complaint is devoid of specific factual allegations necessary to state cognizable claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Accordingly, Defendants' motion should be granted and the Amended Complaint should be dismissed, with prejudice.

First, the Amended Complaint should be dismissed because Plaintiff's claims under the FLSA are time-barred by the two-year statute of limitations. In his Opposition, Plaintiff cites outdated law and asks the Court to apply inapplicable pleading standard to find that his general, conclusory allegations of willfulness are sufficient to avail Plaintiff of the FLSA's three-year statute of limitations. Plaintiff's request runs contrary to the pleading standard established by the Second Circuit in *Whiteside v. Hover-Davis*, 995 F.3d 315 (2d Cir. 2021). Indeed, Plaintiff fails to make any arguments to suggest that the Amended Complaint satisfies *Whiteside's* pleading requirements. As such, the FLSA's two-year statute of limitations applies and Plaintiff's FLSA claim is time-barred.

Second, even if Plaintiff's FLSA claim was not time-barred, the Amended Complaint should be dismissed because Plaintiff's conclusory allegations about working overtime without appropriate pay fail to meet the pleading standard established by the Second Circuit in *Lundy v. Catholic Health Sys. of Long Is. Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). In a desperate attempt to convince the Court that his pleadings are sufficient, Plaintiff relies on several default judgment

1

decisions which do not discuss or apply the *Lundy* pleading standard. These cases are clearly distinguishable and do not show that Plaintiff has stated an FLSA overtime claim sufficient to survive dismissal.

In his Opposition, Plaintiff does not dispute that if his FLSA claim is dismissed, this Court could either decline to exercise personal jurisdiction over Plaintiff's New York Labor Law ("NYLL") claim or, in the alternative, dismiss Plaintiff's NYLL claim because it is analytically identical to Plaintiff's FLSA overtime claim. Instead, Plaintiff requests that the Court grant him an additional opportunity to replead his allegations in the event his FLSA claim is dismissed.

Plaintiff's request to replead should be denied. Plaintiff was put on notice of the various deficiencies with his pleadings after Defendants filed their motion to dismiss the Complaint. Despite such notice and an opportunity to amend, Plaintiff failed to sufficiently revise his pleadings and cure the obvious deficiencies with his threadbare allegations. Plaintiff provides no justification as to why he should get a third bite at the apple and fails to provide any assurances that he can plead allegations sufficient to survive dismissal. As an opportunity to replead his allegations would be futile and would prejudice Defendants by forcing them to expend additional resources on a third motion to dismiss, the Court should deny Plaintiff's request for leave to further amend his pleadings.

Accordingly, the Amended Complaint is fatally defective, and Defendants' Motion to Dismiss should be granted in its entirety, with prejudice.

I. **PLAINTIFF'S FLSA CLAIM IS TIME BARRED**

In his Opposition, Plaintiff relies on a single argument as to why his FLSA claim are timely: Under the pre-2021 standard, Plaintiff's conclusory pleadings would be sufficient to avail Plaintiff of the three-year statute of limitations and survive dismissal. However, Plaintiff's argument is

145116087.3

fatally flawed as the caselaw that Plaintiff cites was overruled by the Second Circuit's decision in *Whiteside*, 995 F.3d 315.

Plaintiff does not dispute that his pleadings fail to satisfy the *Whiteside* standard. Therefore, the FLSA's two-year statute of limitations period applies and it is undisputed that his claims arose more than two years ago. Thus, Plaintiff's FLSA claim is time-barred.

### A.  The *Whiteside* Pleading Standard Applies to Plaintiff's FLSA Claim

In his Opposition, Plaintiff asserts that to trigger the FLSA's three-year statute of limitations, a plaintiff only needs to plead allegations of willfulness in "general terms" because willfulness is a fact-intensive inquiry. Pl. Opp. at 5. However, Plaintiff relies on outdated cases law issued prior to *Whiteside*.

In *Whiteside*, the Second Circuit re-established pleading standard for willfulness in order for the FLSA's three-statute of limitations to apply. *Whiteside* held that "[w]hether a defendant has willfully violated the FLSA is a mixed question of law and fact" and "a plaintiff must allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." 995 F.3d at 320-21 (hereinafter "the *Whiteside* pleading standard"). In fact, *Whiteside* expressly rejected the standard set forth in Plaintiff's Opposition and held that "a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Id*. at 320-21 (disagreeing with the Tenth Circuit's holding "that the mere allegation of willfulness suffices for the three-year exception to apply under the FLSA"). Accordingly, the *Whiteside* pleading standard applies, and under this standard, Plaintiff's Amended Complaint fails to satisfy the requirements necessary to invoke the FLSA's three-year limitations period.

In a desperate attempt to save his FLSA claim, Plaintiff cites several decisions from this District. *See* Pl. Opp. at 6 (citing *Lawtone-Bowles v. City of New York*, No. 16-cv-3445, 2020 WL

3

2833366 (S.D.N.Y. June 1, 2020); *Ford v. WSP USA, Inc.*, No. 19-cv-11705, 2021 WL 4803848 (S.D.N.Y. Oct. 14, 2021); *Nell v. City of New York*, No. 19-cv-6702, 2021 WL 2716523 (S.D.N.Y. July 1, 2021); *Adams v. City of New York*, No. 16-cv-3445, 2021 WL 1791182 (S.D.N.Y. May 5, 2021)).  These cases are inapposite.  *Lawtone-Bowles* should not be relied upon because it was published prior to *Whiteside*.  2020 WL 2833366 at *1.  *Nell* does not even discuss the statute of limitations for FLSA claims.  2021 WL 2716523 at *9 (declining to address "the issue of liquidated damages and willfulness" due to issues of fact).  *Ford* and *Adams* concern summary judgement and do not discuss the appropriate standard for evaluating whether the plaintiffs have pled sufficient facts to avail themselves of the FLSA's three-year exception and survive dismissal at the pleadings stage.  *See Ford*, 2021 WL 4803848 at *2-3; *Adams*, 2021 WL 1791182 at *10-11.  As such, Plaintiff's Opposition cannot refute that the Amended Complaint fails the Whiteside pleading standard.

Finally, Plaintiff's citation to *Maria v. El Mambi Restaurant Corporation*, No. 20-cv-3707, 2021 WL 2337577 (S.D.N.Y. June 8, 2021), which does not apply the *Whiteside* pleading standard, is unpersuasive.  *Maria* was wrongly decided with respect to the statute of limitations issue because the decision: (1) relies exclusively on caselaw published prior to *Whiteside*; (2) fails to acknowledge or address *Whiteside*; and (3) applies a pleading standard that *Whiteside* expressly rejected.  Further, since that decision was issued, no other Court has cited *Maria* for the proposition that a plaintiff only needs to conclusory allege willfulness in order to take advantage of the FLSA's three-year limitations period.  In fact, a few months after issuing *Maria*, Judge Oetken acknowledged that the *Whiteside* pleading standard was the correct governing standard for determining whether willfulness has been sufficiently pled.  *See Carusillo v. Fansided, Inc.*, No. 20-cv-4766, 2021 WL 4311167, at *2 (S.D.N.Y. Sept. 21, 2021) ("Although Plaintiffs point to

145116087.3

case law in this Circuit that concluded that simply alleging that a defendant acted willfully is enough to pass muster at the pleading stage . . . , the Second Circuit recently weighed in on this issue and held otherwise."). Accordingly, the *Whiteside* pleading standard is applicable.

### B. Plaintiff's Conclusory Allegations Do Not Satisfy the *Whiteside* Pleading Standard to Avail Plaintiff of the Three-Year Statute of Limitations

In his Opposition, Plaintiff restates his allegations that "Defendants willfully violated the FLSA and NYLL by knowingly and intentionally misclassifying their delivery workers and prep cooks," and "Defendants willfully disregarded and purposefully evaded recordkeeping requirement of the FLSA and NYLL" and asks the Court hold that these conclusory allegations are sufficient to avail Plaintiff of the FLSA's three-year statute of limitations. Pl. Opp. at 5; Am. Compl. at ¶¶ 55-57. However, Plaintiff has not provided anything beyond purely conclusory allegations that Defendants "willfully" violated the FLSA. Therefore, Plaintiff cannot avail himself of the FLSA's three-year statute of limitations.

As noted above, under the *Whiteside* pleading standard, "FLSA plaintiffs must plausibly allege willfulness to secure the benefit of the three-year exception at the pleadings stage." *Whiteside*, 995 F.3d at 320. To sufficiently plead "willfulness," a plaintiff must assert with adequate factual allegations that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Id.* at 324 (citation omitted). "A[] [mere] averment of 'willfulness,'" however, is "*precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleading stage." *Whiteside*, 995 F.3d at 321 (emphasis original); *see Romero v. Manhattan & Bronx Surface Trans. Op. Auth.*, No. 21-cv-4951, 2022 WL 624451, at *5 (S.D.N.Y. 2022) ("[A] conclusory allegation that a defendant acted willfully, without factual support to back up that allegation, is insufficient to entitle Plaintiffs to the

5

longer limitations period."). Accordingly, "a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Whiteside*, 995 F.3d at 321.

Although Plaintiff was put on notice of the correct pleading standard through Defendants moving papers and had an opportunity to amend his allegations, Plaintiff has failed to remedy his deficient pleadings. *See* Am. Compl. at ¶¶ 55-57, 67, 69. The Amended Complaint does not contain any factual allegations to suggest that Defendants knew their alleged conduct violated or could violate the FLSA. Instead, Plaintiff simply pleads facts that are consistent with Defendants' liability by making conclusory assertions that Defendants acted "willfully" and "knowingly violat[ed] the FLSA" because Plaintiff was not paid overtime. Am. Compl. at ¶¶ 55-57, 66-68. Such threadbare allegations fall woefully short of the *Whiteside* pleading threshold; therefore, Plaintiff cannot avail himself of the FLSA's three-year statute of limitations.

As such, the FLSA's two-year statute of limitations period applies and because Plaintiff filed his original Complaint more than two years after his employment with Defendants ended, his FLSA claim is time-barred.

### C. Plaintiff Does Not Dispute that His FLSA Claim Is Untimely under the Two-Year Statute of Limitations

Plaintiff does not make any argument in his Opposition to suggest that Plaintiff's claim would be timely under the FLSA's two-year statute of limitations. *See* Pl. Opp. at 4-6. Indeed any such argument would be futile as Plaintiff concedes in the Amended Complaint that his employment with Defendants ended on March 15, 2020, Am. Compl. at ¶ 9, and it is undisputed that Plaintiff did not file the initial Complaint on January 6, 2023, approximately ten months after the expiration of the two-year statute of limitations. Accordingly, Plaintiff's FLSA claim is untimely and must be dismissed.

## II.  PLAINTIFF FAILS MEET THE *LUNDY* PLEADING STANDARD REQUIRED TO STATE A CLAIM FOR UNPAID OVERTIME UNDER THE FLSA

Assuming that his FLSA claim is not time-barred, Plaintiff argues that his allegations regarding working overtime meets the Second Circuit's *Lundy* pleading standard and states a cognizable FLSA overtime claim. *See* Pl. Opp. at 8-9. In support of this contention, Plaintiff relies on several default judgment cases. *Id*. However, Plaintiff's reliance on such cases is misplaced.

First, the cases cited by Plaintiff are distinguishable because those decisions concern motions for default judgment—not a motion to dismiss. *See Sims v. Crown Waste Corp.*, No. 22-cv-6047, 2023 WL 363070 (E.D.N.Y. Jan. 23, 2023) (Jason Mizrahi, Esq. serving as plaintiff's counsel) (decision on plaintiff's motion for default judgment); *Christian v. MH Plumbing & Mechanical Corp.*, No. 22-cv-04774, ECF Dkt. 21 (E.D.N.Y. Jan. 30, 2023) (same); *Kim v. Superior Café Corp.*, No. 21-cv-3620, 2022 WL 481725 (S.D.N.Y. Feb. 15, 2022) (same); *Persuad v. Adirondacks Protection Servs. LLC*, No. 22-cv-08115, ECF Dkt. 38 (S.D.N.Y. Apr. 26, 2022) (same); *Guerrero v. Danny's Furniture, Inc.*, No. 19-cv-7284, 2021 WL 4155124 (S.D.N.Y. Sept. 13, 2021) (decision on plaintiff's motion for default judgment). Default judgment decisions should not be relied upon since the allegations in such actions were not actually litigated.

Second, Plaintiff's cited cases do not demonstrate that Plaintiff's conclusory allegations regarding overtime work meet the *Lundy* pleading standard because those cases apply a different standard. None of the default judgment decisions cited by Plaintiff apply or even reference the *Lundy* pleading standard. Instead, those cases rely on the standard for default judgment which provides that a plaintiff's burden is only to "prove that she in fact performed work for which she was improperly compensated and . . . produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Guerrero*, at *3 (internal quotations and alterations omitted). This burden is significantly different from the *Lundy* pleading standard

7

which requires a plaintiff to "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy*, 711 F.3d at 114; *see also, Paleja v. KP NY Operations LLC*, No. 21-cv-286, 2022 WL 364007, at *1 (2d Cir. Feb. 8, 2022) (applying the *Lundy* pleading standard and affirming dismissal of the plaintiff's FLSA claim where plaintiff's pleadings only consisted of an estimate that in a "typical week he would work approximately 70 hours – 11am to 11pm, 6 days per week") (internal quotations omitted).

Therefore, Plaintiff's reliance on the default judgment cases is misplaced as they do not address the appropriate pleading standard when deciding a motion to dismiss, do not discuss the *Lundy* pleading standard, and certainly do not demonstrate that Plaintiff's conclusory allegations meet the *Lundy* pleading standard. Accordingly, Plaintiff has failed to demonstrate that his allegations are sufficient to state a FLSA overtime claim. Therefore, Plaintiff's FLSA claim should be dismissed.

### III.   PLAINTIFF'S NYLL CLAIM SHOULD BE DISMISSED

As detailed in Defendants' moving papers, the Court should either decline to exercise supplemental jurisdiction over Plaintiff's NYLL claim or dismiss such claim with prejudice as it is insufficiently pled. The Court should decline to exercise supplemental jurisdiction over Plaintiff's NYLL claim after dismissing Plaintiff's FLSA claim because his FLSA claim is the sole basis for the Court's subject matter jurisdiction in this case. *See, e.g.*, *Henao v. Parts Auth., LLC*, No. 19-cv-10720, 2020 WL 5751175, at *7 (S.D.N.Y. Sept. 25, 2020) (declining to exercise supplement jurisdiction over NYLL claims). Alternatively, the Court should dismiss Plaintiff's NYLL claim because "[t]he pleading standard applicable to overtime claims under the NYLL is analytically identical to . . . the [FLSA]" and, as explained above, Plaintiff's conclusory allegations fail to state a FLSA claim pursuant to the *Lundy* pleading standard. *See Ramirez v. Temin & Co., Inc.*, No. 20-cv-6258, 2021 WL 4392303, at *18 (S.D.N.Y. Sept. 24, 2021) (applying *Lundy*

8

pleading standard and dismissing NYLL overtime claim where plaintiff alleged "that she consistently worked more than forty hours a week (at times fifty and sixty hours)").  Accordingly, as Plaintiff's FLSA claim should be dismissed because it is insufficiently pled, Plaintiff's NYLL claim is also insufficiently pled and the Court should dismiss Plaintiff's Amended Complaint in its entirety.

### IV.   PLAINTIFF'S REQUEST TO REPLEAD SHOULD BE DENIED

In his Opposition, Plaintiff requests that the Court grant him another opportunity to amend his pleadings in the event that the Court grants Defendants' Motion to Dismiss the Amended Complaint.  Pl. Opp. at 9-10.  The Court should deny Plaintiff's request and dismiss the Amended Complaint with prejudice.

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading . . . by leave of the court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  "[A] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Here, Plaintiff's request for an opportunity to replead should be denied because it would futile.  Plaintiff already amended the complaint after receiving notice of the deficiencies in his pleadings through Defendants' first motion to dismiss.  *McBeth v. Porges*, 171 F. Supp. 3d 216, 235 (S.D.N.Y. 2016) ("The fact that Plaintiff already amended his complaint in an attempt to cure the deficiencies raised in Defendant's initial motion to dismiss . . . underscores the futility of further amendment.").  Despite ample notice and opportunity, Plaintiff either could not cure such deficiencies or simply chose not to plead his claims in a manner consistent with the applicable pleading standards.  Moreover, Plaintiff has not made any representation that if given the opportunity to replead, Plaintiff could in fact plead truthful, non-conclusory allegations that meet

the requirements to state a timely, cognizable claim under the FLSA.  *See Edwards v. Thomson Reuters (Tax & Acct.) Inc*., No. 19-cv-93, 2020 WL 2132348, at *5 (S.D.N.Y. May 5, 2020) ("An amendment is considered futile where the plaintiff is unable to demonstrate that she would be able to cure the defects in a manner that would survive a motion to dismiss."); *Abe v. New York Univ*., No. 14-cv-9323, 2016 WL 1275661, at *11 (S.D.N.Y. Mar. 30, 2016) ("[A] district court is under 'no obligation' to grant leave to amend when the plaintiff offers merely 'conclusory assertion[s]' that amendment would cure a complaint's deficiencies and 'fail[s] to disclose what additional allegations [he] would make which might lead to a different result.'") (quoting *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004)).  Thus, granting Plaintiff's request to amend his defective pleadings would be futile and Plaintiff's request should be denied.

Accordingly, the Court should not grant Plaintiff yet another opportunity to cure the deficiencies in his pleadings since it would prejudice Defendants.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court grant their motion, dismiss the Amended Complaint in its entirety, with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           May 1, 2023

FOX ROTHSCHILD, LLP

/s/  *Glenn S. Grindlinger*
Glenn S. Grindlinger, Esq.
Nicole E. Price, Esq.
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
ggrindlinger@foxrothschild.com
nprice@foxrothschild.com

*Attorneys for Defendants*