UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SENON MARTINEZ MONTOYA, *on behalf of himself and other similarly situated in the proposed FLSA Collective Action*,<br><br>Plaintiff,<br><br>- against -<br><br>HAVANA CENTRAL NY 2, LLC, and JEREMY MERRIN,<br><br>Defendants. | Case No. 1:23-cv-00111 (JLR) |

### DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**FOX ROTHSCHILD LLP**
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
(212) 692-0940 (fax)

*Attorneys for Defendants*

<u>On Brief:</u>

Glenn S. Grindlinger, Esq.
Nicole E. Price, Esq.

153938201.4

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

LEGAL ARGUMENT ..................................................................................................................... 2

POINT I - THE LEGAL STANDARD FOR OBJECTIONS ....................................................... 2

POINT II - DEFENDANTS' OBJECTIONS TO THE R&R ......................................................... 3

    A.    The R&R Fails to Apply the Controlling *Whiteside* Pleading Standard and Improperly Relies on Outdated Caselaw ................................................................. 3

        1.    The *Whiteside* Pleading Standard Should Be Applied in This Case ........... 4

        2.    Outdated Caselaw Should Not Be Used to Evaluate Plaintiff's Pleadings ................................................................................................. 6

    B.    Under the *Whiteside* Pleading Standard, Plaintiff Has Not Adequately Pled that Defendants Willfully Violated the FLSA to Avail Himself of the Three-Year Statute of Limitations ................................................................................ 10

    C.    Plaintiff's NYLL Claims Should Be Dismissed ................................................... 11

CONCLUSION .............................................................................................................................. 12

153938201.4

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                   **Page(s)**

*Carusillo v. Fansided, Inc.*,
  No. 20-cv-4766, 2021 WL 4311167 (S.D.N.Y. Sept. 21, 2021) .................................................5

*Cristino v. Duke Ellington Gourmet Corp.*,
  No. 20-CV-7546, 2023 WL 355702 (S.D.N.Y. Jan. 23, 2023) ..................................................2

*Damassia v. Duane Reade, Inc.*,
  No. 04-cv-8819, 2005 WL 1214337 (S.D.N.Y. May 20, 2005) ...................................... *passim*

*Farmer v. Fzoad.com Enterprises Inc.*,
  No. 17-CV-9300, 2020 WL 5569581 (S.D.N.Y. Sept. 17, 2020)...............................................2

*Harris v. City of N.Y.*,
  186 F.3d 243 (2d Cir. 1999)...................................................................................................4, 9

*Henao v. Parts Auth., LLC*,
  No. 19-cv-10720, 2020 WL 5751175 (S.D.N.Y. Sept. 25, 2020) ...........................................12

*Hernandez v. NHR Huamn Res., LLC*,
  No. 20-CV-3109, 2021 WL 2535537 (S.D.N.Y. June 18, 2021) ..............................................8

*McLaughlin v. Richland Shoe Co.*,
  486 U.S. 128, 108 S.Ct. 1677 (1988)........................................................................................5

*Romero v. Manhattan & Bronx Surface Trans. Operating Auth.*,
  No. 21-CV-4951, 2022 WL 624451 (S.D.N.Y. Mar. 2, 2022) ............................................5, 6

*Staehr v. Hartford Fin. Servs. Grp.*,
  547 F.3d 406 (2d Cir. 2008)......................................................................................................4

*Whiteside v. Hover-Davis*,
  995 F.3d 315 (2d Cir. 2021).......................................................................................... *passim*

**Statutes**

28 U.S.C. § 216..................................................................................................................................8

28 U.S.C. § 636..................................................................................................................................2

29 U.S.C. § 203 ........................................................................................................................ *passim*

29 U.S.C. § 255..................................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................................................9

Fed. R. Civ. P. 9(b) .....................................................................................................................8, 9

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................4

Fed. R. Civ. P. 72 .......................................................................................................................1, 2

Local Civ. R. 72.1 ..........................................................................................................................2

**PRELIMINARY STATEMENT**

Defendants Havana Central NY 2, LLC, ("Havana Central") and Jeremy Merrin ("Merrin" and collectively with Havana Central, "Defendants") submit the following objections to the Magistrate Judge's Report and Recommendation (Dkt. No. 43) (the "R&R") filed on January 8, 2024 pursuant to Rule 72(b) of the Federal Rules of Civil Procedure.

The Court should reject the R&R's erroneous recommendations and conclusions concerning whether Plaintiff has adequately pled willfulness under the Fair Labor Standards Act ("FLSA").[1] The R&R declines to apply the controlling pleading standard established by the Second Circuit in *Whiteside v. Hover-Davis*, 995 F.3d 315, 319 (2d Cir. 2021), based on an irrelevant factual difference between the pleadings in that case and this case. Instead, the R&R wrongly recommends that this Court apply the holding from *Damassia v. Duane Reade, Inc.*, No. 04-cv-8819, 2005 WL 1214337 (S.D.N.Y. May 20, 2005), to find that Plaintiff's conclusory allegations of willfulness are enough to avail himself of the three-year statute of limitations under the FLSA and survive dismissal. These recommendations must be rejected as the pleading standard from *Whiteside* is binding and the Second Circuit has expressly rejected the holdings espoused in *Damassia* and similar cases.

Further, the R&R should not be adopted as it relies on purely conclusory allegations set forth in Plaintiff's First Amended Complaint (Dkt. No. 13) ("FAC") to support its recommendation that Plaintiff has sufficiently pled willfulness, which directly contravenes the *Whiteside* pleading standard. The fact remains that the FAC is devoid of specific allegations necessary to plausibly

---

[1] Defendants do not object to that portion of the R&R that finds that Plaintiff adequately pleads an overtime claim under the FLSA. *See* Dkt. No. 43 at 18-26.

1

assert that Defendants willfully violated their obligations under the FLSA. As such, Plaintiff is not entitled to rely on the three-year limitations period.

Accordingly, for these reasons and as detailed further below, this Court should not adopt the R&R and Defendants' Motion to Dismiss should be granted in its entirety.

## LEGAL ARGUMENT

### POINT I
### THE LEGAL STANDARD FOR OBJECTIONS

The Federal Magistrates Act and the Rule 72 of the Federal Rules of Civil Procedure allow a district judge to refer a non-dispositive pre-trial matter to a magistrate judge and to require the magistrate judge to provide a report and recommendations on that matter. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *see* Local Civ. R. 72.1. In reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Once the magistrate judge's report and recommendation are made, a party may file objections to the proposed findings and recommendations therein. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *see* Local Civ. R. 72.1. "The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects." *Cristino v. Duke Ellington Gourmet Corp.*, No. 20-CV-7546, 2023 WL 355702, at *2 (S.D.N.Y. Jan. 23, 2023) (citing 28 U.S.C. § 636(b)(1)(C)). In completing a *de novo* review, "it is sufficient that the district court arrive at its own, independent conclusion regarding those portions of the report to which objections are made." *Farmer v. Fzoad.com Enterprises Inc.*, No. 17-CV-9300, 2020 WL 5569581, at *2 (S.D.N.Y. Sept. 17, 2020) (internal quotations omitted).

## POINT II
## DEFENDANTS' OBJECTIONS TO THE R&R

In the R&R, Magistrate Judge Gary Stein concludes that the FLSA's three-year statute of limitations applies to Plaintiff's claims. *See* Dkt. No. 43, at 9-17. Consistent with this finding, the R&R recommends denying Defendants' Motion to Dismiss because Plaintiff's claims are timely under the three-year limitations period. *Id*. There is no dispute that Plaintiff's FLSA claims are time-barred if the FLSA's standard two-year limitation period applies. *Id.* at 11 ("Plaintiff does not dispute that his claims accrued more than two years ago.").

Defendants object to the R&R's findings and recommendations for several reasons. First, the R&R rejects and refuses to apply the pleading standard established by the Second Circuit. Instead, the R&R relies on outdated precedent from a district court decision to find that Plaintiff sufficiently pled willfulness and can therefore avail himself of the FLSA's expanded three-year limitations period. Second, the R&R improperly relies on conclusory, wholly speculative allegations set forth in the FAC to find willfulness in contravention of the pleading standard established by the Second Circuit.

**A.     The R&R Fails to Apply the Controlling *Whiteside* Pleading Standard and Improperly Relies on Outdated Caselaw**

The R&R wrongly recommends that this Court not apply the pleading standard established by the Second Circuit in its decision in *Whiteside*. *See* Dkt. No. 43 at 11-17. Instead, the R&R improperly relies on an unreported district court case that was decided before *Whiteside* to conclude that the FAC's conclusory, speculative allegations adequately plead willfulness, enabling Plaintiff to use the FLSA's expanded three-year limitations period rather than the standard two-year limitations period. *See id*. As the R&R's recommendations are inconsistent with the Second Circuit's binding legal precedent and improperly rely on outdated caselaw, the R&R should not be adopted.

3

1. **The *Whiteside* Pleading Standard Should Be Applied in This Case**

Under the FLSA, a plaintiff must bring a claim "within two years after the cause of action accrued…except that a cause of action arising out of a *willful* violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a) (emphasis added). "[A] defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) (citation omitted). "A court accordingly may dismiss a claim on statute-of-limitations grounds at the pleadings stage 'if [the] complaint clearly shows the claim is out of time.'" *Whiteside,* 995 F.3d at 319 (quoting *Harris v. City of N.Y.*, 186 F.3d 243, 250 (2d Cir. 1999)).

In *Whiteside*, the Second Circuit re-established the pleading standard for willfulness in order for the FLSA's three-statute of limitations to apply. Specifically, the Second Circuit held that "[w]hether a defendant has willfully violated the FLSA is a mixed question of law and fact" and "a plaintiff must allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Id.* at 320-21 (hereinafter "the *Whiteside* pleading standard").

According to the Second Circuit, to sufficiently plead "willfulness," a plaintiff must assert with adequate factual allegations that the defendant "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Id.* at 324 (citation omitted). "A[] [mere] averment of 'willfulness,'" however, is "*precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleading stage." *Id.* at 321 (emphasis original). Accordingly, "a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Id.*

4

While referencing *Whiteside*, a review of the R&R shows that Magistrate Judge Stein did not actually apply the *Whiteside* pleading standard. Rather, the R&R relies on outdated cases and standards, *see* Dkt. No. 43 at 11-17, that the Second Circuit expressly rejected. The Second Circuit specifically held that "a court need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Id.* at 320-21 (disagreeing with the Tenth Circuit's holding "that the mere allegation of willfulness suffices for the three-year exception to apply under the FLSA"). Further, the Second Circuit held that a plaintiff is required to plausibly allege that the defendant knowingly violated the FLSA or "showed reckless disregard [] of whether its conduct was prohibited by the [FLSA]" in order to secure the FLSA's expanded three-year limitations period. *Id.* at 322 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677 (1988)). The R&R did not follow this requirement.

Since the Second Circuit issued its *Whiteside* decision, courts in the Southern District of New York have consistently applied the *Whiteside* pleading standard in evaluating whether a plaintiff's FLSA claims are time-barred. *See*, *e.g.*, *Romero v. Manhattan & Bronx Surface Trans. Operating Auth.*, No. 21-CV-4951, 2022 WL 624451, at *5 (S.D.N.Y. Mar. 2, 2022) (applying *Whiteside* and holding that "a conclusory allegation that a defendant acted willfully, without factual support to back up that allegation . . . is insufficient to entitle Plaintiffs to the longer limitations period."); *Carusillo v. Fansided, Inc.*, No. 20-cv-4766, 2021 WL 4311167, at *2 (S.D.N.Y. Sept. 21, 2021) ("Although Plaintiffs point to case law in this Circuit that concluded that simply alleging that a defendant acted willfully is enough to pass muster at the pleading stage . . . the Second Circuit recently weighed in on this issue and held otherwise.").

The decision in *Romero* provides an apt example of how *Whiteside* should be applied and there should be a finding that Plaintiff failed to plead willfulness in this case. In *Romero*, the

5

plaintiffs pleaded their job titles, that they were paid "straight time" meaning they received the same amount of pay each week regardless of how many hours they worked, they worked a five-day workweek and each of their shifts that ranged from 9 to 12 hours resulting in them working more than 40 hours per week, and "Defendants have willfully and in bad faith failed to pay overtime pay for hours worked in excess of forty hours per week in violation of the FLSA." 2022 WL 624451 at *1-2. Likewise, in the FAC, Plaintiff has pled his job titles, the approximate number of hours that he worked per week (which was over 40 hours), that he was paid a weekly salary that did not change regardless of how many hours he worked, and "Defendants willfully violated the FLSA and NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages." Dkt. No. 13 at ¶¶ 37-38, 45-48, 67. As the R&R should have recommended, the Court in *Romero* applied the *Whiteside* pleading standard and held that the allegations regarding willfulness were conclusory and insufficient to entitle the plaintiffs to the longer FLSA statute of limitations. 2022 WL 624451 at *5. Although the *Romero* decision was cited in Defendants' motion papers (Dkt. No. 17 at 8; Dkt. No. 30 at 5), the R&R completely ignores this post-*Whiteside* legal precedent that shares many similarities with the allegations in this case.

As the R&R fails to apply the Second Circuit's controlling *Whiteside* pleading standard and fails to rely on recent legal precedent applying *Whiteside* in analyzing Plaintiff's pleadings, the R&R should not be adopted.

    **2.    Outdated Caselaw Should Not Be Used to Evaluate Plaintiff's Pleadings**

The R&R recommends that this Court should not apply the *Whiteside* pleading standard, and should find that Plaintiff sufficiently pled willfulness to avail himself of the three-year limitations period and deny Defendants' Motion to Dismiss based on the outdated decision in

*Damassia v. Duane Reade, Inc.*, No. 04-cv-8819, 2005 WL 1214337 (S.D.N.Y. May 20, 2005). *See* Dkt. No. 43 at 9-17.  Defendants object to these recommendations for several reasons.

First, as discussed in detail above, the Second Circuit's *Whiteside* decision is binding legal precedent and has been applied by courts in the Southern District of New York, including in cases where the allegations mirror the allegations pled in the FAC.  If the pleading standard had been properly applied, the R&R should have recommended finding that Plaintiff's allegations were insufficient to avail him of the three-year limitations period and dismissing the FAC.

Second, the R&R's attempt to distinguish *Whiteside* from this case is without merit and is a misreading of the *Whiteside* decision.  The R&R recommends that the *Whiteside* pleading standard should not be applied because "the defendant in *Whiteside* did not stand to gain financially from switching plaintiff's position" and here "Plaintiff alleges that Defendants paid him (and others) on a salary basis for the express purpose of violating the FLSA by 'minimizing labor costs' through a scheme to avoid paying overtime."  Dkt. No. 43 at 16-17.  This distinction is completely irrelevant as nothing in the *Whiteside* decision indicates that whether an employer had the opportunity to financially gain from the alleged misconduct is a factor in determining whether the plaintiff has pled sufficient factual allegations to establish willfulness.[2]  *See* 995 F.3d at 315.

Instead, in applying the applicable pleading standard, the Second Circuit analyzed (1) how Mr. Whiteside does not "allege that he ever complained about the situation to his managers;" (2) "fails to allege any details about who asked him to change roles or whether that manager, or any other manager, said anything to him suggesting an awareness of impropriety;" and (3) "fails to allege that his managers acted in any manner suggesting an awareness that their actions violated

---

[2] Moreover, the assertion that "Defendants paid [Plaintiff] (and others) on a salary basis for the express purpose of violating the FLSA by 'minimizing labor costs' through a scheme to avoid paying overtime" is entirely conclusory. There are no "facts" in the FAC to support this specious allegation.

7

153938201.4

or could violate the FLSA." *Id*. at 324.  Similarly, Defendants noted in their motion papers that Plaintiff does not allege that (1) any member of management informed him that they were aware of their FLSA obligations; (2) any member of management made any statements that suggest Defendants were aware that their actions violated their FLSA obligations; or (3) Plaintiff or any other employee complained to Defendants about the purported failure to pay overtime.  *See* Dkt. No. 17 at 7-8.  In misapplying and attempting to distinguish *Whiteside*, the R&R completely ignores these important similarities that further support applying the *Whiteside* pleading standard in this case.

Third, the R&R's reliance on *Damassia* (and other pre-*Whiteside* cases)[3] is inappropriate. *See* Dkt. No. 43 at 14-15.  The Court decided *Damassia* more than 15 years before the Second Circuit decided *Whiteside*; it is therefore outdated and no longer good law.

However, the age of this decision is not the only thing that makes it no longer good law. The *Damassia* decision should not be relied upon because, in deciding that case, the Court did not rely on any pleading standard supported by legal precedent and its holdings have been expressly rejected by the Second Circuit.  In *Damassia*, the Court concluded that "'willfulness' is not a legal conclusion, but a factual state of mind" and as such, this required element can be "averred generally" pursuant to Rule 9(b) of the Federal Rules of Civil Procedure.  *Id*.  The Court did not cite any legal precedent supporting this conclusion nor did it explain how Rule 9(b), which

---

[3] In its discussion on whether the FAC properly alleges willfulness, the R&R relies on four cases.  *See* Dkt. No. 43 at 11-17.  Three of these cases pre-date *Whiteside*.  The fourth case, *Hernandez v. NHR Huamn Res., LLC,* No. 20-CV-3109, 2021 WL 2535537 (S.D.N.Y. June 18, 2021), concerned a motion for conditional certification under 29 FLSA § 216(b), not a motion to dismiss.  While *Hernandez* cites *Whiteside*, it only references the decision with respect to whether notice to the putative collective should reference a two- or three-year limitation period; it did not address whether the operative complaint in that action properly alleged willfulness under the *Whiteside* pleading standard.  *See id*. at *15-16.

8

addresses the heightened pleading standard for fraud claims, was the appropriate standard to apply in analyzing an FLSA claim. *See id*.

The Second Circuit has rejected each of these holdings. In *Whiteside*, the Second Circuit held that "[w]hether a defendant has willfully violated the FLSA is a mixed question of law and fact on which the plaintiff carries the burden of proof." 995 F.3d at 321. Moreover, the Second Circuit rejected Mr. Whiteside's argument that Rule 9(b) allows him to plead general allegations of willfulness, without more. *Id*. at 323. The Second Circuit reasoned:

> Last, to the extent that Whiteside argues that Rule 9(b) allows him to plead willfulness, without more, to obtain the benefit of the three-year limitations period, he is mistaken. Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). In *Iqbal*, the Supreme Court explained that "'generally' is a relative term ... [that] is to be compared to the particularity requirement applicable to fraud or mistake" and that Rule 9(b) "does not give [a party] license to evade the less rigid—though still operative—strictures of Rule 8." 556 U.S. at 686–87, 129 S.Ct. 1937. We have since affirmed that "Rule 8's plausibility standard applies to pleading intent." *Biro*, 807 F.3d at 544–45 (2d Cir. 2015).
>
> For these reasons, we hold that the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply. We decline to adopt a rule that would allow a claim that a "complaint clearly shows [to be] out of time," *Harris*, 186 F.3d at 250, to proceed through discovery upon the insertion of a single legal conclusion—indeed, a single word—into a complaint.

*Id*. The R&R provides absolutely no explanation as to why this clear holding from the Second Circuit should not be applied and the outdated holding in *Damassia* should be used to decide Defendants' Motion to Dismiss.

In light of the foregoing, the R&R should not be adopted as it fails to apply the controlling pleading standard establish in *Whiteside* and inappropriately relies on outdated caselaw to reach its conclusions. Rather, this Court should find that Plaintiff has not adequately pled factual

9

153938201.4

allegations to demonstrate willfulness and avail himself of the three-year limitations period, and Defendants' Motion to Dismiss should be granted as Plaintiff's FLSA claims are time-barred under the two-year limitations period.

**B.   Under the *Whiteside* Pleading Standard, Plaintiff Has Not Adequately Pled that Defendants Willfully Violated the FLSA to Avail Himself of the Three-Year Statute of Limitations**

Defendants further object to the R&R as it relies on purely speculative and conclusory allegations to find willfulness in contravention of the *Whiteside* pleading standard. Accordingly, the R&R should not be adopted and this Court should find that only the FLSA's standard two-year limitations period applies. As such, Plaintiff's FLSA claims are time-barred.

The R&R cites the following allegations from the FAC (Dkt. No. 43 at 11-17) to support its recommendation that Plaintiff plead sufficient factual allegations of willfulness:

- "To accomplish their business goals, Defendants intentionally misclassify their delivery workers and prep cooks, including Plaintiff, as salaried employees . . . ." (Dkt. No. 13 at ¶ 50).

- "Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL." (*Id.* at ¶ 55).

- "Defendants willfully violated the FLSA and NYLL by knowingly and intentionally misclassifying their delivery workers and prep cooks as exempt salaried employees." (*Id.* at ¶ 56).

- "Defendants willfully disregarded and purposefully evaded recordkeeping . . . ." (*Id.* at ¶¶ 57, 68).

These allegations are entirely conclusory.  The FAC is devoid of any factual allegations addressing the who, what, when, and where questions that would demonstrate how Plaintiff knows or why Plaintiff believes that Defendants "knowingly and intentionally" misclassified him, that Defendants were focused on "minimizing labor costs" or that misclassification would further Defendants' "business goals."  The lack of any supporting factual allegations makes these allegations nothing more than speculations and conclusions.  These general "averments of 'willfulness,'" are "*precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleading stage" and "a court need not accept [them] as true." *Whiteside*, 995 F.3d at 321 (emphasis original).

The R&R attempts to justify relying on these conclusory allegations by quoting the following from *Damassia*:

> It is difficult to imagine what further 'facts' plaintiffs could allege, without access to 'smoking gun' internal memorandum [sic] unlikely to be available to them without the legal compulsion of the discovery process.

Dkt. No. 43 at 17 (quoting 2005 WL 1214337 at *2).  However, as discussed above, both Defendants' motions papers and the Second Circuit in *Whiteside* identified several factual allegations that Plaintiff could allege in order to establish willfulness.  *See Whiteside*, 995 F.3d at 321; Dkt. No. 17 at 7-8.  As such, the R&R's argument for relying on Plaintiff's conclusory allegations is without merit.

Accordingly, this Court should decline to adopt the R&R, apply the *Whiteside* pleading standard, find that Plaintiff has failed to plead sufficient facts to avail himself of the three-year statute of limitations period, and grant Defendants' Motion to Dismiss.

C. **Plaintiff's NYLL Claims Should Be Dismissed**

As detailed in Defendants' moving papers, the Court should decline to exercise supplemental jurisdiction over Plaintiff's New York Labor Law ("NYLL") claims.  Because

11

Plaintiff's FLSA claim is time-barred, the Court should decline to exercise supplemental jurisdiction over Plaintiff's NYLL claim as Plaintiff's FLSA claim is the sole basis for the Court's subject matter jurisdiction in this case. *See, e.g.*, *Henao v. Parts Auth., LLC*, No. 19-cv-10720, 2020 WL 5751175, at *7 (S.D.N.Y. Sept. 25, 2020) (declining to exercise supplement jurisdiction over NYLL claims).

Accordingly, the Court should reject the R&R's recommendation that the Court exercise supplemental jurisdiction over Plaintiff's state law claims.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendants' Memorandum of Law in Support of the Motion to Dismiss the Amended Complaint and Defendants' Reply Memorandum of Law in further Support of the Motion to Dismiss the Amended Complaint, Defendants respectfully request that this Court reject the recommendations of Magistrate Judge Gary Stein, grant Defendants' motion, dismiss the Amended Complaint in its entirety, with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          January 22, 2024

**FOX ROTHSCHILD, LLP**

/s/  *Glenn S. Grindlinger*
Glenn S. Grindlinger, Esq.
Nicole E. Price, Esq.
101 Park Avenue, 17th Floor
New York, New York 10178
(212) 878-7900
ggrindlinger@foxrothschild.com
nprice@foxrothschild.com

*Attorneys for Defendants*

12

153938201.4