**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
Senon Martinez Montoya, *on behalf of himself and others similarly situated in the proposed FLSA Collective Action,*

                            *Plaintiff,*

          - against -

Havana Central NY 2, LLC, and Jeremy Merrin,

                          *Defendants.*
-------------------------------------------------------------X

Case No.: 23-cv-00111

Hon. Jennifer L. Rochon, U.S.D.J.

 

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANTS' OBJECTION TO THE**
**<u>JANUARY 8, 2024 REPORT AND RECCOMENDATION</u>**

 

**LEVIN-EPSTEIN & ASSOCIATES, P.C.**
Joshua Levin-Epstein, Esq.
Jason Mizrahi, Esq.
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Plaintiff*

Dated: New York, New York
       February 5, 2024

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ...................................................................................... ii

**PRELIMINARY STATEMENT** ................................................................................ 1

**LEGAL STANDARD** ................................................................................................ 2

**ARGUMENT** ............................................................................................................. 4

    I.    Defendants' Objection Fails to Specifically Reference Any Portion of the R&R, in Violation of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(3). Thus, only "Clear Error" Review of the R&R is Warranted .......................................................... 4

    II.   Defendants' Objection Tacitly Ignores Critical Portions of the R&R ............................. 5

    III.  The Objection Tacitly Ignores the Well-Pled Allegations of the FAC ............................. 7

**CONCLUSION** .......................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**

*Calabrese v. CSC Holdings, Inc.*,
    2009 WL 425879 (E.D.N.Y. 2009)....................................................... 5

*Cicvara v. Duracell*,
    515 F. App'x 27 (2d Cir. 2013) ......................................................... 5

*Ferreira v. Carranza*,
    2022 WL 34610 (E.D.N.Y. 2022)....................................................... 3

*Fossil Grp. Inc. v. Angel Seller, LLC*,
    2021 WL 4520030 (E.D.N.Y. 2021)................................................. 3, 4

*Galloway v. Cty. of Nassau*,
    2022 WL 681065  ( ((E.D.N.Y. 2022) ................................................. 4

*Gesualdi v. J.H. Reid, Gen. Contractor*,
    2017 WL 752157 (E.D.N.Y. 2017)....................................................... 5

*Gonzalez v. Victoria G's Pizzeria LLC*,
    2022 WL 842666 (E.D.N.Y. 2022)....................................................... 3

*Innovative Sports Mgmt. v. Zarate*,
    2021 WL 3855593 (E.D.N.Y. 2021)..................................................... 3

*Johnson v. Parts Auth., LLC*,
    2021 WL 4221775 (E.D.N.Y. 2021)..................................................... 3

*Pacheco v. Chickpea at 14th St. Inc.*,
    2019 WL 3554460 (S.D.N.Y. 2019)..................................................... 4

*Ramon v. Corp. City of New York*,
    2019 WL 1306061 (E.D.N.Y. 2019)..................................................... 3

*Sioson v. Knights of Columbus*,
    303 F.3d 458 (2d Cir. 2002)................................................................ 6

*Weinrib v. Winthrop-Univ. Hosp.*,
    2016 WL 1122033 (E.D.N.Y. 2016)..................................................... 5

*Zaretsky v. Maxi-Aids, Inc.*,
    2012 WL 2345181 (E.D.N.Y. 2012)..................................................... 3

**<u>Statutes</u>**

28 U.S.C. § 636(b)(1)(C) ........................................................................................................... 2

Fed.R.Civ.P. 72(b)(3)................................................................................................................. 2

Plaintiff Senon Martinez Montoya ("Plaintiff" or "Mr. Montoya"), by and through the undersigned counsel, respectfully submits this Memorandum of Law in opposition to the objection (the "Objection") to the January 8, 2024 Report and Recommendation [Dckt. No. 43] (the "R&R"), filed by Defendants Havana Central NY 2, LLC (the "Corporate Defendant"), and Jeremy Merrin (the "Individual Defendant", and together with the Corporate Defendant, the "Defendants") pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 72(b). For the reasons stated below, Plaintiff respectfully request that the Court overrule the Objection, and affirm the R&R in all respects.

## PRELIMINARY STATEMENT

In a well-reasoned, twenty-seven (27) page R&R, the Honorable Magistrate Judge Gary Stein carefully analyzed the standard for pleading willfulness under the Fair Labor Standards Act ("FLSA"), set forth in *Whiteside v. Hover-Davis*, 995 F.3d 315, 319 (2d Cir. 2021). Judge Stein expounded on the nuance between the Court's evaluation of a defendant's affirmative defense (*e.g.,* the expiration of a limitations period), and the Court's consideration of the sufficiency of a pleading, for a finding of willfulness. [R&R at p. 10]. Judge Stein then carefully analyzed the decision in *Whiteside*, before distinguishing its facts with other binding precedent, and with the allegations in Plaintiff's First Amended Complaint [Dckt. No. 13] (the "Amended Complaint", or the "FAC"). [*Id.* at pp. 11-17]. Ultimately, Judge Stein found that Plaintiff's FAC, and the three (3) exhibits referenced therein[1], pled amble factual detail supporting the allegation of willfulness. [*Id.* at p. 17].

In urging their own selective interpretation of *Whiteside*, Defendants' Objection tacitly ignores these critical portions of the R&R, and conveniently omits the well-pled allegations of

---

[1] *To wit*: (i) a "New Employee Worksheet"; (ii) three (3) "Employee Raise Authorization" forms; and (iii) a March 8, 2013 email exchange.

Plaintiff's FAC. Defendants paradoxically accuse Judge Stein of simultaneously ignoring, yet misapplying, *Whiteside*. [*See* Objection at pp. 3, 8, 9]. Defendants also fault the Court for relying on cases and standards that predate *Whiteside*. [*Id*. at pp. 3-10].

The Objection recycles the same arguments in Defendants' unsuccessful Motion to Dismiss. [*see* Dckt. Nos. 15-17, 30]. In doing so, the Objection ignores well-settled rules of Fed.R.Civ.P. regarding the filing of "proper" objections to a magistrate judge's findings or recommendations. At minimum, having waived their right to *de novo* review by simply rehashing their previous arguments, there is no question that Defendants cannot establish any clear error on the part of the Magistrate, and the R&R must be adopted. Nevertheless, even if it were proper for this Court to revisit all of Defendants' unsuccessful arguments (which it is not), Defendants implore this Court to adopt a totally self-serving reading of *Whiteside*. Accordingly, for the reasons set more fully below, and for the reasons Judge Stein found in his R&R, this Court should respectfully overrule the Objection, and affirm the R&R in all respects.

## LEGAL STANDARD

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been ***properly*** objected to." Fed.R.Civ.P. 72(b)(3) (emphasis added). A proper objection ***requires reference to a specific portion of the magistrate judge's recommendation***; if a party makes only conclusory or general objections or simply reiterates his original arguments," a district court need only satisfy itself that there is no clear error on the face of the record. *Gutman v. Klein,* 2008 WL 5084182 (E.D.N.Y. 2008) (emphasis added).

*De novo* review of a Report and Recommendation is applicable solely and exclusively to those portions of the Report and Recommendation that are properly objected to – *i.e.*, only to those

portions of the subject Report and Recommendation referenced and opposed with appropriate specificity in the submission setting forth the objection *Ramon v. Corp. City of New York*, 2019 WL 1306061, at *1 (E.D.N.Y. 2019) (citing *U.S. Flour Corp. v. Certified Bakery. Inc.*, 2012 WL 728227, at *2 (E.D.N.Y. 2012)). "[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke *de novo* review…" *Fossil Grp. Inc. v. Angel Seller, LLC*, 2021 WL 4520030, at *2 (E.D.N.Y. 2021) (citing *Vega v. Artuz*, 2002 U.S. Dist. LEXIS 18270, at *1 (S.D.N.Y. 2002)). Likewise, objections are improper and do not invoke *de novo* review to the extent that they include "new arguments…that could have been raised before the magistrate but were not." *Ferreira v. Carranza*, 2022 WL 34610, at *2 (E.D.N.Y. 2022). For a district court to exercise *de novo* review over objections that fail to specifically indicate the portion of the Report and Recommendation to which they are directed, or objections asserting new arguments raised for the first time at the objection stage "would reduce the magistrate's work to something akin to a meaningless dress rehearsal." ). *Johnson v. Parts Auth., LLC*, 2021 WL 4221775, at *1 (E.D.N.Y. 2021).

Where no "proper" objection to a Report and Recommendation (or to a portion thereof) is timely submitted, the Court "need only satisfy itself that that there is no clear error on the face of the record." *Innovative Sports Mgmt. v. Zarate*, 2021 WL 3855593, at *1 (E.D.N.Y. 2021) (citations omitted). Moreover, where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, 2012 WL 2345181, at *1 (E.D.N.Y. 2012) (internal quotation marks omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *Gonzalez v. Victoria G's Pizzeria LLC*, 2022 WL 842666, at *2 (E.D.N.Y. 2022)

3

(*citing United States v. Snow,* 462 F.3d 55, 72 (2d Cir. 2006)). A magistrate's ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Galloway v. Cty. of Nassau*, 2022 WL 681065, at *3 (E.D.N.Y. 2022) (citations omitted).

## ARGUMENT

The entirety of Defendants' Objection is improper, in violation of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(3). Therefore, the Objection does not justify *de novo* consideration of the R&R by this Court. Defendants' Objection is not "proper" as it fails to specifically reference any portion of the R&R, or explain with any specificity why Plaintiff believes any particular conclusion in the R&R to be wrong. Instead, the Objection merely asserts general and conclusory objections to R&R as a whole, then rehashes the same frivolous arguments previously (and correctly) rejected by the R&R. Accordingly, *de novo* review need not and should not be applied, and only "clear error" review of the R&R is warranted.

As the well-reasoned R&R issued by Magistrate Judge Gary Stein easily passes muster under the deferential "clear error" standard, the Objection must be overruled and the R&R affirmed. Even if *de novo* review were deemed appropriate, Defendants' Objection should nevertheless be overruled.

### I.     Defendants' Objection Fails to Specifically Reference Any Portion of the R&R, in Violation of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b)(3). Thus, only "Clear Error" Review of the R&R is Warranted

The Objection does not include any specific or non-conclusory explanation of why it is that Defendants' believe any particular portion of the R&R is contrary to law or otherwise erroneous. Defendants' submission barely refers to the R&R, and certainly does not refer to any "specific portion" of it. *Gutman*, 2008 WL 5084182, at *1. Plaintiff  rehashes – verbatim – the same arguments that Magistrate Judge Stein rejected. This is patently improper. *See Fossil Grp. Inc.*, 2021 WL 4520030 at *2. Absent from the Opposition is any discussion of how, or to what extent,

the R&R allegedly wrongly decided the so-called facts and arguments presented. This is mere verbiage without specifics, and, as such, is no basis for *de novo* review over any section of the R&R.

Even if construed charitably, the Opposition plainly fails to specifically reference any portion of the R&R, and therefore may not be considered a proper objection to any portion thereof. The level of specificity is clearly below that required, as it is unclear what, if any, legal authority Plaintiff is challenging or relying on. Defendants' submission does not provide any explanation whatsoever of why it is that the R&R's findings were unsatisfactory.

Defendants' Objection revisits arguments rejected by the R&R, but makes no attempt to specifically explain why Plaintiff believes that the R&R's disposition of these arguments was flawed or erroneous. Clear error review, rather than *de novo* reconsideration of the R&R by this Court, is appropriate. Because there is no clear error here, the Objections must be overruled.

## II.  Defendants' Objection Tacitly Ignores Critical Portions of the R&R

Even if the Court were inclined to revisit the re-hashed arguments based on the unsupported assertions in Defendants' Objection (which it should not), Defendants' explanation "omits material facts that preclude recovery" in his favor. *Calabrese v. CSC Holdings, Inc*., 2009 WL 425879, at *17 (E.D.N.Y. 2009). This is "particularly true" where, as here, Defendants tacitly ignore the portions of the R&R where Magistrate Stein actually applied the pleading standard established by the Second Circuit in *Whiteside v. Hover-Davis*, 995 F.3d 315, 319 (2d Cir. 2021) (the "*Whiteside* pleading standard"), to the allegations in Plaintiff's FAC. [*See* R&R at pp. 14-17]. "Such factual conclusions, with no citations to the record or any legal authority for support does not constitute adequate briefing." *Weinrib v. Winthrop-Univ. Hosp*., 2016 WL 1122033, at *7 (E.D.N.Y. 2016) (citation omitted); *see also Cicvara v. Duracell*, 515 F. App'x 27, 28 (2d Cir. 2013) (noting that court's role is not to act as an advocate and therefore it is not required to "scour the record" or

5

otherwise "research…legal theor[ies]" on behalf of a litigant); *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002) (same).

Defendants paradoxically accuse Judge Stein of simultaneously ignoring, yet misapplying, *Whiteside*. [*See* Objection at pp. 3, 8, 9]. According to the Objection, in order for a Court the properly apply *Whiteside*, it ***must*** determine whether a plaintiff-employee: (i) "complained…to his managers." [*See* Objection at pp. 7-8]. However, as Judge Stein correctly notes in the R&R, "the premise underlying this argument – that such allegations are ***necessary*** to plead willfulness under the FLSA – is unsound. Such allegations are one way of pleading willfulness[…], but they are not the only way" [R&R at p. 15] (citing, *Hernandez v. NHR Human Res., LLC*, 2021 WL 2535534, at *2, *9 (S.D.N.Y. 2021).[2]

Defendants also fault the Court for relying on cases and standards that predate *Whiteside*, including *Damassia v. Duane Reade, Inc.*, 2005 WL 1214337 (S.D.N.Y. 2005). [*Id*. at pp. 3-11]. In doing so, the Objection tacitly ignores the substance of Magistrate Judge Gary Stein's R&R that distinguishes the facts of *Damassia*, to *Whiteside*, and to Plaintiff's allegations in the FAC. Specifically, pages 14 through 17 of the R&R grapple the respective Courts' findings in *Damassia* and *Whiteside,* before applying it to the well-plead allegations of Plaintiff's FAC. [*See, e.g.,* R&R at p. 17] ("While *Damassia* was decided before *Whiteside*, the factual allegations therein clearly pass muster under the *Whiteside* standard. So do the substantially similar factual allegations pled in the FAC here").

---

[2] The District Court's memorandum and order in *Hernandez,* 2021 WL 2535534 (S.D.N.Y. 2021) was issued two (2) months after *Whiteside*.

### III.     The Objection Tacitly Ignores the Well-Pled Allegations of the FAC

The Objection's accusations regarding the sufficiency of Plaintiff's pleadings are as hollow as its accusations regarding the R&R's reliance on *Damassia.* For example, the Objection misstates that R&R determined that Plaintiff plead sufficient factual allegations of willfulness solely based on the allegations of four (4) paragraphs of the FAC:

- "To accomplish their business goals, Defendants intentionally misclassify their delivery workers and prep cooks, including Plaintiff, as salaried employees…" (Dkt. No. 13 at ¶ 50).

- "Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL." (*Id.* at ¶ 55).

- "Defendants willfully violated the FLSA and NYLL by knowingly and intentionally misclassifying their delivery workers and prep cooks as exempt salaried employees." (*Id.* at ¶ 56).

- "Defendants willfully disregarded and purposefully evaded recordkeeping…" (*Id.* at ¶¶ 57, 68).

[*See* Objection at p. 10]. Defendants conveniently ignore the well-reasoned portions of the R&R that also considered whether Plaintiff alleges any action taken by a manager suggesting an awareness of culpability or wrongdoing, or an awareness of their FLSA obligations. Specifically, the R&R considered:

- The allegations in paragraphs 38-40, 44[3], 47[4], and 51-54[5] of the FAC (and the Exhibits included therein), which give rise to a reasonable inference that Defendants knew that Plaintiff was not exempt from the FLSA's overtime requirements and intentionally misclassified him so he could be paid on a salary basis as if he were an exempt employee;

---

[3] *To wit*: that the work performed by Plaintiff at Havana Central – initially as a delivery person and then as a prep cook, making empanadas and doing "cold prep" – was paradigmatically manual, and clearly not executive, administrative, or professional in nature.

[4] *To wit*: that Plaintiff was paid on a salary basis.

[5] *To wit*: that Plaintiff had no management responsibilities, supervisory authority, or other role at Havana Central that might justify classifying him as exempt.

- The allegations in paragraphs 45-46[6], 48[7], of the FAC, which give rise to a reasonable inference that Defendants knew Plaintiff was working overtime without compensation;

- The allegations in paragraphs 57 and 68[8] of the FAC, which give rise to a reasonable inference that Defendants purposefully evaded the FLSA's recordkeeping requirements by failing to maintain accurate time or payroll records; and, perhaps most critically:

- The allegations in paragraphs 9 and 12[9] of the FAC (and the Exhibits included therein), which give rise to a reasonable inference that Defendants' experience and sophistication suggests their awareness of the requirements of the FLSA.

Contrary to the assertions in the Objection, and as the R&R correctly notes, these factual allegations are not conclusory. They are "specific, plausible allegations that Defendants engaged in an intentional misclassification scheme designed to avoid their obligation to pay Plaintiff overtime." [R&R at p. 15].

## **CONCLUSION**

For the reasons stated above, it is respectfully submitted that the Court overrule Defendants' Objection, and affirm the R&R in all respects.

Dated: New York, New York
     February 5, 2024

          Respectfully Submitted,

          LEVIN EPSTEIN & ASSOCIATES, P.C.

          */s Jason Mizrahi*
          Jason Mizrahi, Esq.
          60 East 42nd Street, Suite 4700
          New York, NY 10165
          Tel No.: (212) 792-0048
          Email: Jason@levinepstein.com
          *Attorneys for Plaintiff*

---

[6] *To wit*: that Plaintiff was present and working at the restaurant each day from 6:00 a.m. until anywhere from 4:00 p.m. to 6:00 p.m.

[7] *To wit*: that Plaintiff was *required* to work in excess of forty (40) hours per week, without receiving overtime pay at time and a half.

[8] *To wit*: that Defendants failed to maintain accurate and complete timesheets and payroll records that presumably would have reflected the hours Plaintiff worked and their failure to pay him overtime.

[9] *To wit*: that Havana Central has been in the restaurant business since at least 2003, is an LLC formed under Delaware law, and appears, based on the Exhibits to the FAC, to have standard employment forms and several managerial employees.